CITY OF LINDEN, A MUNICIPAL CORPORATION OF THE COUNTY OF UNION AND THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN GLEFFI, ET AL., DEFENDANTS, AND RITA GADEK, DEFENDANT-APPELLANT.

Argued December 18, 1950—Decided January 22, 1951.

*Mr. Nathan Reibel* argued the cause for the appellant (*Mr. Sidney J. Benjamin,* attorney).

*Mr. Lewis Winetsky* argued the cause for the respondent.

The opinion of the court was delivered by

VANDERBILT, C. J. The defendant Rita Gadek appeals from an order entered in the Chancery Division of the Superior Court denying her motion to vacate a judgment entered against her on April 19, 1950, on the sixth count of the complaint and to permit her to redeem from the lien of tax sale certificates certain premises described therein. Her appeal, taken to the Appellate Division of the Superior Court, has been certified here on our own motion.

The property here involved is described as lots 11, 12 and 13 in block 18 on the official tax map of the City of Linden.

At the time of the filing of the complaint it was assessed to Paul M. Waldeck as owner. In December, 1947, Albert Sutto sought to acquire by assignment tax sale certificates held by the City of Linden on the lots in question. Notice of this application was advertised and posted in accordance with the procedure described by *R. S.* 54:5–112. When the application came before the city council of Linden at a public meeting, Chester Weidenburner sought to acquire the tax sale certificates for a client by outbidding Sutto. After considerable discussion the city council determined that inasmuch as the statute did not provide for competitive bidding on such applications, the city would proceed to foreclose the tax sale certificates and, if the property were not redeemed, would sell it to the highest bidder in fairness to all the parties concerned and in the interest of obtaining the best results for the city. The total due to the city for taxes, interest and charges amounted at the time to $2,913.13 and the property had an estimated sales value of about $6,300. Subsequently, in February, 1948, the defendant Rita Gadek acquired what she claims to be an interest in the property by a deed from Curt Stern, a brother and an heir of Waldeck, the record owner, who had died some years previously in 1943.

In June, 1949, the complaint in the instant case was filed in order, among other things, to foreclose the equity of redemption of the defendant Rita Gadek in the tax sale certificates owned by the plaintiff. The proceeding was commenced in accordance with the provisions of *R. S.* 54:5–85 *et seq.,* entitled "Suit in Equity to Foreclose Right of Redemption." While the complaint contained 15 counts, only the sixth count is involved in this appeal. The defendant was duly served with process on June 24, 1949. The complaint, so far as here pertinent, alleged that the deed from Curt Stern to Rita Gadek had been made by him without knowledge of the facts and without intention on his part to convey the property and that it had been procured through the representation made by her that he was simply declaring thereby that he did not intend to be an heir of his deceased brother. The complaint further alleged that the conveyance was erroneous in

describing the grantor Stern as the decedent's only heir, whereas in fact there was another brother of the decedent, Wilhelm Martiens, still living. Gadek, Stern and Martiens were made defendants in the instant action. No answer to the complaint was filed by any defendant, although a guardian appointed by the court for Wilhelm Martiens, who was a non-resident enemy alien, filed an answer submitting to the judgment of the court.

On March 2, 1950, an order was duly made in the Chancery Division of the Superior Court, setting the amount, time and place of redemption. This order fixed April 3, 1950, between the hours of 10 o'clock in the forenoon and 3 o'clock in the afternoon as the time, and the office of the receiver of taxes of the City of Linden as the place, "when and where the defendants shall pay to the plaintiff" the amount required to redeem the premises and further provided that in default of such payment "the defendants stand absolutely debarred and foreclosed of and from all right and equity of redemption on, in and to the said lands and premises and every part thereof, and the plaintiffs have an absolute and indefeasible interest of inheritance in fee simple in said lands and premises." This order was served upon the defendant Rita Gadek on March 7, 1950, in the manner prescribed by the order. After being served, she commenced negotiations with the plaintiff for an assignment of the tax sale certificates in return for the payment to the plaintiff of the amount due to it for all unpaid taxes, interest and costs. On March 20, 1950, she wrote to the plaintiff requesting an assignment of the tax sale certificates upon payment of the amount due, and the plaintiff replied to her letter by stating that the matter was being referred to the plaintiff's attorney for a report. Thereafter, on April 4, 1950, the defendant was advised by the plaintiff's attorney that the plaintiff was not authorized under the applicable law to execute an assignment of these certificates and that if redemption was to be made it would have to take place not later than Thursday, April 6, 1950, thus giving her three extra days beyond the time fixed in the order of March 2nd for redemption.

Instead of redeeming on April 6, 1950, however, the defendant obtained an order requiring the plaintiff to show cause on April 14, 1950, why the defendant should not be given leave to answer the sixth count of the complaint or to take such action relative to the subject matter of the count as she might deem necessary. The order contained a temporary restraint against the entry of judgment until the further order of the court. On April 14, 1950, after argument in the Chancery Division of the Superior Court, an order was entered discharging the defendant's order to show cause and dissolving the temporary restraint. At about 3:45 P. M. on the same day, the defendant's father, Joseph A. Gadek, appeared at the office of the receiver of taxes and tendered payment to him of the full amount due to the plaintiff on the tax sale certificates, together with all subsequent taxes, interest and costs. This tender, which was made on behalf of the defendant Rita Gadek, was refused by the receiver of taxes. On April 19, 1950, in accordance with the order of March 2, 1950, judgment was entered against the defendant.

On May 24, 1950, the defendant served the plaintiff with a notice of motion, together with supporting affidavits, of an application to the Chancery Division to set aside and vacate the judgment entered on April 19, 1950, against the defendant, and to permit the defendant to redeem the premises from the lien of the tax sale certificates. Affidavits filed in support of the motion set forth the fact that tender of payment had been made to the receiver of taxes on April 14, 1950, but was refused by him. On June 6, 1950, an order was entered denying the defendant's motion and on July 5, 1950, the defendant filed a notice of appeal from the judgment entered on June 6, 1950. It is this appeal that has been certified by the Supreme Court.

The principal question on this appeal revolves around the construction of *R. S.* 54:5–86, pursuant to which this action in the nature of a strict foreclosure was instituted. It provides:

"The purchaser, his heirs or assigns, in addition to the remedy provided by article eight of this chapter (§ 54:5–77 *et seq.*), may at any time after the expiration of the term of two years, whether

notice to redeem has been given or not, file a bill in equity to foreclose the right of redemption and may join therein two or more separate actions or causes of actions founded upon two or more certificates of sale of the same or different tracts of land having a common owner, whether or not such actions or causes of action have a common question of law or fact, or arose out of the same transaction or series of transactions. On filing the bill the right to redeem shall exist and continue until barred by the decree of the Court of Chancery."

If, as the defendant contends, this section refers to the judgment of April 19, 1950, then that judgment should be set aside, since the defendant through her father made tender to the plaintiff of the full amount due on April 14, 1950. If, however, the plaintiff's contention that the statute has reference to the judgment of March 2, 1950, is correct, then the defendant's right to redeem is properly barred for her tender was made after the time for redemption as limited therein.

While the Legislature has directed that this statute "be liberally construed as remedial legislation to encourage the barring of the right of redemption by suits in the Court of Chancery and for the decreeing of marketable titles therein," *R. S.* 54:5–85, it does not necessitate the construction of the statute urged on us by the plaintiff. *R. S.* 54:5–86, *supra,* and *R. S.* 54:5–87 are *in pari materia* and must be read together. *R. S.* 54:5–87 provides:

"The court of chancery, upon the filing of a bill to foreclose the right of redemption, may give full and complete relief under this chapter, in accordance with other statutory authority and with the practice of the court, to bar the right of redemption and to foreclose all prior or subsequent alienations and descents of the lands and encumbrances thereon, except subsequent municipal liens, and to decree an absolute and indefeasible estate of inheritance in fee simple, to be vested in the purchaser. The decree shall be final upon the defendants, their heirs, devisees and personal representatives, and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest, and no application shall be entertained to reopen the decree after three months from the date thereof, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit."

It is apparent that the decree referred to in *R. S.* 54:5–87 is the final decree entered in the cause, and we are of the opinion

that it is this same decree that is referred to in *R. S.* 54:5–86. It is to be noted, moreover, that this construction is consistent with the corresponding provision of the *In Rem* Tax Foreclosure Act of 1948, *R. S.* 54:5–104.29 to 54:5–104.71 which also is remedial legislation to be liberally construed, *R. S.* 54:5–104.31, and in which it is stated that "redemption shall be made at the office of the tax collector, at any time after the filing of petition, and before final decree," *R. S.* 54:5–104.60.

It follows accordingly that the defendant's tender of payment of the amount due the plaintiff, having been made prior to the entry of final judgment, was made within the time prescribed by *R. S.* 54:5–86, and that the judgment of April 19, 1950, having been improvidently entered, should be set aside.

 While the question has not been raised by counsel, there is a further reason why the judgment of April 19, 1950, should be set aside. · The record before us fails to disclose that notice of an application for final judgment was served upon the defendant pursuant to *Rule* 3:55–2(b), which provides:

"If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

While the defendant did not answer or otherwise plead, her action in securing the order of April 6, 1950, directed to the plaintiff, to show cause why she should not be given leave to answer or to file a counterclaim or take such other action as might be advisable, constitutes an appearance in the cause within the meaning of *Rule* 3:55–2(b) and entitled her to the notice therein provided. The failure to give such notice is grounds for setting the default judgment aside.

Furthermore, it is to be noted that the judgment of April 19, 1950, contains a misstatement of a material fact, it being recited therein "that none of said defendants or any other person or persons in their behalf has or have tendered or offered to pay to the plaintiff the said sums of money due aforesaid, either at the time or place aforesaid, or any other time or place." This error was obviously occasioned by the

fact that the affidavit of the receiver of taxes on the strength of which the judgment was entered, was signed and sworn to on April 6, 1950, prior to the defendant's tender of payment on April 14, 1950, but was not filed until April 19, 1950.

The judgment appealed from is reversed and the judgment of April 19, 1950, is hereby set aside.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.