94 N.J. Super. 586 (1967)
229 A.2d 664
GOVERNMENT SECURITY CO., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
ANNA NORTON WAIRE, ET AL., DEFENDANTS, AND COMMUNITY INVESTMENT CO., APPLICANT FOR INTERVENTION-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1967.
Decided April 27, 1967.
*588 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Harry Dvorken argued the cause for appellant.
Mr. Saul A. Wittes argued the cause for respondent.
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Community Investment Co. (Community) appeals from an order denying its application to intervene in the action. We reverse.
As the holder by assignment of a recorded judgment against Anna N. Waire, who owns a life estate and a one-sixth fee interest in the land described in plaintiff's tax sale certificate, Community has a continuing right to redeem until entry of the final judgment in this action. R.S. 54:5-54; N.J.S.A. 54:5-86; Linden v. Gleffi, 6 N.J. 246 (1951). By reason of the 1965 amendment to N.J.S.A. 54:5-98 (L. 1965, c. 187, effective December 14, 1965), the redemption must now be made in the cause, "subject to the fixing of fees and costs at any time during the course of the action." Because the right of redemption must be exercised in the cause, Community has an absolute right to intervene as a party defendant to prove its interest in the land and to apply for an order fixing the amount required to be *589 paid for redemption, including fees and costs. R.R. 4:37-1; N.J.S.A. 54:5-89.1.
Since R.S. 54:5-56 was repealed by L. 1965, c. 187, Community may not require that the tax sale certificate be assigned to it. Further, at oral argument before us, Community expressly waived what it deems to be its right to demand such an assignment based on its alleged tender of the amount required for redemption on September 13, 1965, before the enactment of L. 1965, c. 187.
Community's right to redeem is not affected by the fact that it took its assignment of the recorded judgment subsequent to the filing of the complaint and the lis pendens. Bernstein v. B.H.K. Realty Co., 147 A. 474 (E. & A. 1929, not officially reported); 85 C.J.S. Taxation § 845, p. 217.
Contrary to what plaintiff argues, it is irrelevant to Community's right to redeem that it purchased the judgment at a substantial discount and that it allegedly learned of the judgment by examining the lis pendens and pleadings filed by plaintiff in this cause. Neither the "clean hands" doctrine nor Bron v. Weintraub, 42 N.J. 87 (1964), has any application to the issues here presented.
Although the issue has not been argued by the parties, it has not escaped our notice that Community's appeal from what is an interlocutory order was taken without leave of the court. Under the circumstances, we deem it advisable to grant such leave nunc pro tunc.
The order denying leave to intervene is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.