121 N.J. Super. 288 (1972)
296 A.2d 663
THE ALLAN-DEANE CORPORATION, A DELAWARE CORPORATION QUALIFIED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THE TOWNSHIP OF BEDMINSTER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE TOWNSHIP OF BEDMINSTER PLANNING BOARD, DEFENDANTS-RESPONDENTS AND LYNN CIESWICK, APRIL DIGGS, W. MILTON KENT, GERALD ROBERTSON, JOSEPHINE ROBERTSON AND JAMES RONE, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED, PLAINTIFF-INTERVENORS-APPELLANTS,
v.
THE TOWNSHIP OF BEDMINSTER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ITS OFFICIALS, EMPLOYEES, AND AGENTS, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BEDMINSTER, THE PLANNING BOARD OF THE TOWNSHIP OF BEDMINSTER, AND THE ALLAN-DEANE CORPORATION, A DELAWARE CORPORATION QUALIFIED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1972.
Decided November 14, 1972.
*289 Before Judges LEWIS, CARTON and MINTZ.
Mrs. Lois D. Thompson, of the New York bar, admitted pro hac vice, argued the cause for appellants (Mr. Peter A. Buchsbaum, American Civil Liberties Union of New Jersey, attorney).
Mr. William W. Lanigan argued the cause for respondent The Allan-Deane Corporation (Mr. Lanigan and Mr. Daniel F. O'Connell, on the brief).
*290 Mr. Nicholas Conover English argued the cause for respondents Township of Bedminster, et al. (Mr. Bingham Kennedy on Statement in Lieu of Brief).
The opinion of the court was delivered by LEWIS, P.J.A.D.
Plaintiffs Lynn Cieswick et al., proposed intervenors (herein intervenors), appeal from an order of the Law Division dated June 13, 1972 denying their motion to intervene in the matter of the Allan-Deane Corporation v. Bedminster, Tp. et al., an in lieu of prerogative writ proceeding commenced August 23, 1971.
Plaintiffs on June 1, 1972 instituted a separate action against the Township of Bedminster et al. A motion to consolidate that proceeding with the Allan-Deane suit was denied.
On the same day (June 29, 1972) that the intervenors filed with this court a notice of appeal on the theory that their intervention should be deemed a matter of right, they also filed a motion for leave to appeal from the trial court's denials of intervention and consolidation to the extent that such orders might be considered interlocutory.
The application for leave to appeal was denied by a summer panel of the Appellate Division on August 11, 1972 and its determination has not been disturbed. The trial court thereupon scheduled the Allan-Deane v. Bedminster case for trial on November 6, 1972. At this juncture we note that trial was originally scheduled to commence June 21, 1972.
On October 25, 1972 there was submitted to this court a motion by intervenors for a stay of the November 6 trial pending disposition of their outstanding notice of appeal which was filed allegedly as of right. By order of October 27, 1972 we elected to consider the merits of the appeal and to decide it simultaneously with the motion for stay; the trial was stayed temporarily pending further order of this court. We accelerated the appeal and required the record and briefs to be filed by October 30, 1972 (which under the rules were *291 due by that date) and scheduled oral argument for November 6, 1972. The trial court thereupon rescheduled the trial for November 27, 1972.
The record reveals that the trial judge, in the exercise of his judicial discretion, determined in essence that the interests of the intervenors would not be impeded or adversely affected by the outcome of the Allan-Deane v. Bedminster litigation; that permitting the intervention and consolidation sought by intervenors would unduly delay, interfere with and prejudice the rights of the parties in the original controversy, and that the issues in the two separate actions were not so parallel as to warrant intervention and consolidation. This court, as previously noted, denied leave to appeal from those determinations to the extent that they were interlocutory.
The single issue now before us is whether intervenors may as a matter of right intervene in the Allan-Deane v. Bedminster suit. It is conceded by intervenors that if such right exists, a further delay of the trial would be necessary in order to permit their anticipated pretrial discovery.
It appears that there are approximately 13,000 undeveloped acres in the Township of Bedminster and that the Allan-Deane Corporation is the owner of 467 acres, most of which are zoned for single-family homes on five-acre plots. The developer proposed to construct on its lands single-family homes on one-acre parcels of land, town houses, multi-family dwellings, an office-research complex, a motel and a golf course. By its complaint certain provisions of the township zoning ordinance are challenged as unreasonable and exclusionary, and the landowner sought to compel the municipal defendants to consider zoning changes that would permit the use of its property for the purposes proposed.
Over nine months after the commencement of that suit the intervenors' complaint for injunctive relief was filed by several individuals, who are nonresidents of Bedminster Township, on behalf of themselves and all others similarly situated. The first paragraph of their complaint states:
*292 The Township of Bedminster, New Jersey (hereinafter "Bedminster" or "the Township") is an exclusive, virtually all-white community of predominantly middle and upper-income persons in Somerset County. Through its zoning laws and related Master Plan, housing policies and practices (hereinafter sometimes referred to as "exclusionary zoning"), Bedminster excludes black and Spanish-speaking people, blue-collar workers, young married couples, other young adults, the elderly and other persons of low and moderate income (hereinafter sometimes referred to as the "excluded class") from living therein.
they further alleged that their suit was instituted as a class action for
(a) a declaratory judgment that Bedminster's exclusionary zoning is in violation of the Constitutions and certain statutes of the United States and the State of New Jersey; (b) an injunction prohibiting the Township from enforcing such exclusionary zoning, requiring it to enact inclusionary zoning laws and Master Plan, and requiring it to adopt and implement an affirmative-action program to rectify past discrimination and exclusion; and (c) an injunction requiring Allan-Deane, as part of its intended housing development project, to construct a significant amount of low and moderate-income housing.
Intervention as of right must be made upon timely application by an applicant who claims "an interest relating to the property or transaction which is the subject of the action," and the claimant must be so situated "that the disposition of the action may as a practical matter impair or impede" the ability of claimant to protect that interest. R. 4:33-1. See State v. Lanza, 39 N.J. 595, 600 (1963), app. dism. 375 U.S. 451, 84 S.Ct. 525, 11 L.Ed.2d 477 (1964); Grober v. Kahn, 88 N.J. Super. 343, 361 (App. Div. 1965), mod. on other grounds 47 N.J. 135 (1966); Government Security Co. v. Waire, 94 N.J. Super. 586, 588-589 (App. Div.), certif. den. 50 N.J. 84 (1967).
Plaintiff Allan-Deane's attack upon the local zoning ordinance is directed toward remedial relief to permit the use of its property for specific purposes. It is entitled to an expeditious disposition of the issues raised without the attendant delays and foreseeable complexities that would be *293 superimposed upon its controversy by intervenors' broad challenges against the zoning policies of the municipality with respect to all of the undeveloped lands within its boundary. Moreover, the outcome of the Allan-Deane litigation with respect to its relatively small acreage would not have a substantially adverse effect upon the broader issues and the objectives projected by intervenors' belated action.
There is considerable doubt as to whether intervenors have an interest in "the property or transaction which is the subject of the action," or that they acted with timeliness, as contemplated by R. 4:33-1. That aside, however, the findings and conclusions of the trial judge are supported by the record. We are satisfied that intervenors have not demonstrated that they are entitled to intervention as a matter of right.
Accordingly, the instant appeal is dismissed without prejudice, however, to intervenors making a timely application to the trial court to appear amicus curiae in the Allan-Deane suit for the purpose of filing a brief.
By order of this court on November 8, 1972 we vacated our temporary stay of the trial to the end that the trial may proceed as presently scheduled on November 27, 1972.
Appeal dismissed.