166 N.J. Super. 319 (1979)
399 A.2d 1015
RONALD D. WITT, PETITIONER-RESPONDENT,
v.
SHANNON OUTBOARD MOTOR SALES, INC., RESPONDENT-RESPONDENT, AND BYRON T. SHANNON, APPELLANT SEEKING INTERVENTION.
Superior Court of New Jersey, Appellate Division.
Submitted February 6, 1979.
Decided March 7, 1979.
*321 Before Judges LYNCH, CRANE and HORN.
Messrs. Orlando, Forgash & Slimm, attorneys for appellant (Mr. Robert J. Forgash, on the brief).
Mr. Thomas A. Lunn, attorney for respondent Shannon Outboard Motor Sales, Inc. (Mr. Francis J. Orlando, on the brief).
Mr. Francis E. Gazdzinski, attorney for respondent Ronald D. Witt.
The opinion of the court was delivered by HORN, J.A.D.
At issue in this appeal is whether appellant had the right to intervene in a workers' compensation case. The facts which form the foundation for this appeal are clear.
Shortly after midnight on October 31, 1973 petitioner, along with appellant Byron T. Shannon and a third person, all employees of Shannon Outboard Motor Sales, Inc., were returning from a boat show they had attended. Appellant was driving the vehicle and ran into a pole or poles along the highway. Petitioner allegedly sustained personal injuries.
Petitioner filed a negligence action in Camden County Superior Court on April 2, 1975 against appellant, and subsequently also filed a petition with the Division of Workers Compensation, seeking an award under the Workers Compensation Act, N.J.S.A. 34:15-1 et seq., from his employer, Shannon Outboard Motor Sales, Inc. On or about April 28, 1977 appellant filed a motion seeking to intervene in the workers' compensation case. The motion was denied on June 17, 1977. The order recited that no one appeared in support thereof. However, later, in response to appellant's protest that he had not been notified of the date of the argument on his application, the judge wrote appellant's attorney and stated that "there is no statutory or administrative rule * * * for the intervention." Apart from counsel's expressing his *322 chagrin at the alleged discourtesy in the failure to notify him of the argument date, the argument is based solely on the correctness of the judge's denial of the motion for the reason that there was no authority to permit intervention.
On September 9, 1977 petitioner's claim petition was dismissed by the compensation judge on the representation of petitioner's attorney (with petitioner's express consent) that petitioner "cannot prove his compensability claim and therefore has agreed to a discontinuance."[1] Notice of appeal was filed on October 19, 1977.
In support of the motion to intervene appellant's attorney submitted a certification which generally recited the facts surrounding the accident  that petitioner and appellant were co-employees and that:
Byron T. Shannon possesses an interest relating to the Workmen's Compensation claim which has been filed on behalf of Ronald D. Witt. Byron T. Shannon is so situated that the disposition of the action may well impair or impede his ability to properly defend the action instituted in the Superior Court of New Jersey, Law Division. Byron T. Shannon's interest can adequately be represented only by intervening in the Workmen's Compensation action and by being heard on the issue of compensability. Whether or not the accident is compensable under the Workmen's Compensation Statutes of the State of New Jersey will decide whether or not the action is maintainable in the Superior Court of New Jersey. Since the determination of the Workmen's Compensation Court will have a direct effect upon the companion action, the rights of Byron T. Shannon will definitely be prejudiced unless he is permitted to intervene and be heard on the issue of compensability. Clarke v. Brown, 101 N.J. Super. 404 (Law Division, 1968): Government Security Co. v. Waire, 94 N.J. Super. 586 (App. Div. 1967), [certif. den. 50 N.J. 84 (1967)]
Neither of the recited cases is applicable in that the first involved an application to intervene in an action pending in the Law Division of the Superior Court and the second *323 involved an application to intervene in an action pending in the Chancery Division of said court.
It is clear that the purpose of seeking intervention was to endeavor to prove in the workers' compensation forum that petitioner's injuries arose out of and in the course of his employment with Shannon Outdoor Motor Sales, Inc. His success there would result in a dismissal of petitioner's action-at-law against him. N.J.S.A. 34:15-8; Konitch v. Hartung, 81 N.J. Super. 376 (App. Div. 1963), certif. den. 41 N.J. 389 (1964).
Appellant recognizes that there is neither a rule of the Workers' Compensation Division nor any statute which authorizes intervention of a party for the reasons alleged by appellant. Therefore he contends that R. 4:33-1 should be deemed to be applicable. Not so. That rule applies only to courts. The Workers Compensation Division is not a court. Mulhearn v. Federal Shipbuilding and Dry Dock Co., 2 N.J. 356, 365-366 (1949); McLean v. S & L Steel Co., 141 N.J. Super. 564, 566 (App. Div. 1976). We have heretofore upheld refusals to grant intervenor status in cases involving other administrative hearings. In re Application for Certif. of Pub. Convenience, 134 N.J. Super. 500, 504 (App. Div. 1975); In re Application of Jersey Cent. Power and Light Co., 130 N.J. Super. 394 (App. Div. 1974).
We need not decide in this case whether there is an inherent authority in the Workers' Compensation Division to permit intervention. Cf. Fletcher v. Ehrlich, 122 N.J. Super. 382 (App. Div. 1973), and see 100 C.J.S. Workmen's Compensation § 433 at 296. We are satisfied that even if there was such authority its exercise lies in the sound discretion of the compensation judge. State v. Lanza, 39 N.J. 595 (1963), app. dism. and cert. den. 375 U.S. 451, 84 S.Ct. 525, 11 L.Ed. 2d 477 (1964), reh. den. 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655 (1964); Clarke v. Brown, supra, 101 N.J. Super. at 411.
The interest asserted by appellant in the instant case is not of the type which mandates intervention. Cf. Government *324 Security Co. v. Waire, supra. Nor did appellant's asserted interest provide him with sufficient standing to require a review of the administrative decision dismissing petitioner's petition for compensation. It cannot be said that under the circumstances he was "directly affected by and aggrieved as a result" of the dismissal. See Elizabeth Federal S. & L. Ass'n v. Howell, 24 N.J. 488, 500 (1957).
In any event, appellant has not been deprived of his defense in the action for damages against him. His answer in the common-law action raised the separate defense that petitioner was a coemployee and the accident was compensable in the Workers' Compensation Division. Appellant will be free in that action to rely on that defense and to introduce evidence in its support. What he has been deprived of is simply an opportunity to establish that defense in the Workers' Compensation Division, where he would prefer to do so.
Finally, we are aware that under all the circumstances we could have dismissed this appeal as being moot. We have chosen not to do so because of the unusual and interesting issue which it raised. East Brunswick Tp. Bd. of Ed. v. East Brunswick Tp. Council, 48 N.J. 94, 109 (1966). The order denying intervention is affirmed.
NOTES
[1] Perhaps it would have been more appropriate to simply request a dismissal.