# IN THE MATTER OF THE APPEAL OF NORBERT WHITE.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1979—Decided December 14, 1979.

Before Judges LORA, ANTELL and PRESSLER.

*Gary H. Schlyen,* Assistant Prosecutor, argued the cause for appellant (*Burrell Ives Humphreys,* Passaic County Prosecutor, attorney).

*William Harla,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General of New Jersey, attorney; *Stephen Skillman,* Assistant Attorney General, of counsel; *Henry D. Blinder,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

LORA, P. J. A. D.

This is an appeal from a denial by the Civil Service Commission of a motion of the Passaic County Prosecutor to intervene in a matter brought before the Commission by Norbert White, a candidate for the position of Deputy Police Chief of the City of Paterson.

The record shows that on October 20, 1977 the oral portion of the Civil Service examination for the position of Deputy Police Chief for the City of Paterson was administered at the Department of Civil Service office in Newark to six eligible candidates from the Paterson Police Department. The test results were announced on December 29, 1977 and certified on January 19, 1978.

On February 11, 1978 Milton A. Lane (Lane) and Robert C. Mohl (Mohl), who had scored first and second, respectively, were appointed deputy police chiefs. These appointments were subsequently approved by the Department of Civil Service on February 23, 1978.

Following the October 20, 1977 examination, Captain Norbert White (White), one of the candidates, filed an appeal with the Civil Service Commission concerning an incident which allegedly took place on the evening of the examination. White contended that candidates William Dolan and Mohl communicated with each other during the course of the examination, in violation of *N.J.A.C.* 4:1–8.19.

On May 18, 1978 the matter was heard by a hearing officer who subsequently rendered his report and recommendation on June 26, 1978 in which he concluded that White had not proved that Dolan and Mohl had discussed or otherwise communicated with each other about the examination during the time they were alone together. However, he found that they did communicate with each other at a time when Dolan had been examined and Mohl had not, thereby creating "doubts and possibilities" in the minds of third-party observers and as a result tainting the examination and rendering its integrity suspect. He recom-

mended that the Commission invalidate the results of the examination.

On October 5, 1978, by a mailgram, the Mayor of Paterson requested the Commission to delay its decision on candidate White's appeal until such time as the City of Paterson could be heard concerning the Commission's decision. On October 13, 1978 the Civil Service Commission advised the mayor it had voted at its meeting of September 8, 1978 to reject the hearing officer's report and recommendations and had remanded the matter to the departmental staff for the preparation of a decision letter with new findings of fact articulating the Commission's determination that Captains Mohl and Dolan should be excluded from the examination. It further advised that these materials had not yet been presented to the Commission for the issuance of a final determination. In any event, the Commission granted the City of Paterson leave to appear and to file its statement on notice to all parties.

On November 6, 1978 appellant notified the Commission of his intention to apply for leave to intervene in this matter. Subsequently, on November 20, 1978 appellant filed a petition to intervene with the Commission.

On November 21, 1978 the Commission, on its own motion, ordered that the hearing be reopened to allow all candidates an opportunity to be heard on the issues of whether Dolan and Mohl communicated with each other during the oral examination, whether they should be removed from this list only or should be precluded from taking future Civil Service examinations, and whether the results of the examination should be invalidated. However, it noted that the petition to intervene submitted by the Passaic County Prosecutor was not considered in making the determination, and further directed that all intervention by the prosecutor be denied.

The Acting Chief Examiner and Secretary of the Department of Civil Service advised appellant on December 21, 1978 that the

Commission had, at its meeting on November 21, 1978, reviewed and denied appellant's request to intervene.

Preliminarily, we note that it has been held that while an order denying intervention to a person having an absolute right to intervene is final and appealable, a distinction is drawn between intervention as a matter of right and permissive intervention.

> . . . an order denying intervention where the right is absolute is final; an order denying permissive intervention, although rejecting a claimed procedural right with finality, would ordinarily be nonappealable because of the discretionary nature of the denial. [6 *Moore, Federal Practice,* 256–257 (1953).]

In *Grober v. Kahn,* 88 *N.J.Super.* 343, 360 (App.Div.1965), mod. 47 *N.J.* 135 (1966), in the course of our consideration of the trial court's denial of permissive intervention, we found it unnecessary to decide whether that distinction should be made under our practice. However, we have chosen to treat the notice of appeal as an application for leave to appeal pursuant to *R.* 2:4–4(b)(2).

■ *N.J.Const.* (1947), Art. VII, § I, par. 2, provides in pertinent part:

> Appointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive . . .

Accordingly, the Legislature has established a comprehensive system to "[regulate] the employment, tenure and discharge of certain officers and employees of this State, and of the various counties and municipalities thereof, and providing for a civil service commission, and defining its powers and duties." *N.J. S.A.* 11:1–1 *et seq.* The over-all purpose of the Civil Service Act is to secure for state, county and municipal government efficient public service in all its many functions. *Caldaro v. Ferber,* 39 *N.J.* 314, 319 (1963).

■ The authority to make appointments to and promotions in the Civil Service of the State and how the same are governed

is conferred upon the Commission pursuant to *N.J.S.A.* 11:4–1 and *N.J.S.A.* 11:4–2. Furthermore, the Commission is invested with such powers as by fair implication and intendment are incident to and reasonably included in those expressly granted for the effectuation of the statutory policy including the power to promulgate any necessary rules and regulations. *East Orange v. Civil Service Comm'n,* 132 *N.J.L.* 181 (Sup.Ct.1944); *N.J.S.A.* 11:1–7; *N.J.S.A.* 11:5–1.

■ Pursuant to this authority, the Commission has adopted the following regulation prescribing those persons who are entitled to appear and participate in its administrative hearings:

All parties to any hearing shall attend unless excused by the Commissioner(s), and any other person whom the Commissioner(s) determines to have an interest in the matter shall be entitled to attend and participate in the hearing. [*N.J. A.C.* 4:1–5.8(a)]

As to permissive intervention in administrative proceedings, for the definition of interest which determines if an affected person is a proper intervenor or should be merely an objector and the extent of agency discretion, *see In re Pub. Convenience Certif. Application,* 134 *N.J.Super.* 500, 504–506 (App.Div.1975); *Witt v. Shannon Outboard Motor Sales, Inc.,* 166 *N.J.Super.* 319 (App.Div.1979); *Elizabeth Federal S. & L. Ass'n v. Howell,* 24 *N.J.* 488 (1957). The interest must be a direct and substantial one.

■ Appellant asserts that as prosecutor he is intimately involved in all phases of law enforcement and the administration of the criminal law and that he has exercised his broad authority with respect to the police departments in Passaic County; that his request to intervene was on the basis of information that the Commission had determined to reject the hearing officer's report and recommendations and was intending to disqualify Captains Mohl and Dolan from the deputy chief examination; that such a Commission action, in light of the testimony before

the hearing officer and his conclusions, would have been unreasonable, arbitrary, and violative of due process; that he was prompted to intervene in an effort to persuade the Commission that such a determination would have a severe detrimental impact on the effectiveness of the Paterson Police Department, with subsequent adverse impact on public safety and crime reduction in Passaic County. He contends that as the chief law enforcement officer of the county, the prosecutor should be permitted to intervene in a Civil Service matter involving such a high position as deputy chief, for the purpose of bringing to the Commission the prosecutor's viewpoint as to how a particular decision may have an impact on law enforcement and the administration of criminal justice in the county.

However, our review of the record in light of the applicable legal principles involved leads us to conclude that appellant has failed to demonstrate an interest sufficient to satisfy the requirements of *N.J.A.C.* 4:1–5.8(a). In the first place, appellant has not advised the Commission or this court of what evidence, if any, he could adduce on the issues before the Commission, which are limited to precisely-defined areas of inquiry regarding the validity of a Civil Service examination which either the candidates involved, as represented by their respective counsel, or the City of Paterson did not introduce or could not have introduced. Appellant's statement of his constitutional and statutory powers is insufficient to demonstrate any unique, specific or substantive interest in the subject matter of the appeal which would mandate intervention. Clearly, any due process arguments which might be raised are properly, and can only be, raised by the candidates. It follows then that any interest the prosecutor might have is adequately represented by existing parties. *Grober, supra,* 88 *N.J.Super.* at 361.

It is well established that permissive intervention in administrative proceedings is within the sound discretion of the agency, *Witt, supra,* 166 *N.J.Super.* at 323, and that the Commission's determinations must be given due deference. The limited

scope of judicial review has been enunciated by our Supreme Court as follows:

> . . . the limited scope of judicial review must be borne in mind; ordinarily, we will not upset a determination by the Commission in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies expressed or implicit in the civil service act. [*Campbell v. Civil Service Dep't*, 39 *N.J.* 556, 562 (1963)].

*See, also, Flanagan v. Civil Service Dep't*, 29 *N.J.* 1, 11 (1959).

In view of all of the foregoing, the decision of the Civil Service Commission denying appellant's petition to intervene is supported by the record and, contrary to appellant's contention, is not arbitrary, capricious or unreasonable. Moreover, it appears that any interest appellant may have in White's appeal will be represented by the participation of the City of Paterson in the new hearing. Then, too, if it is determined, following the rescheduled hearing, that the safeguards of the examination process were in fact breached, thus necessitating an inquiry into possible remedies, we see no impediment to the Commission's consideration of the representations made by the appellant in his letter of November 6, 1978 to the Commission as an aid to their disposition of the issues of remedy or penalty.

Affirmed.