EVESHAM TOWNSHIP ZONING BOARD OF ADJUSTMENT AND
WILBERT D. ABELE, PLAINTIFFS–RESPONDENTS, v. EVE-
SHAM TOWNSHIP COUNCIL, SAMUEL RUGGIERIO, EDITH
RUGGIERIO AND WILLIAM RUGGIERIO, DEFENDANTS–AP-
PELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1980—Decided December 12, 1980.

Before Judges SEIDMAN, ANTELL and LANE.

*Thomas Norman* argued the cause for appellant Evesham Township Council.

*George J. Botcheos* argued the cause for appellants Ruggierio (*Laskin & Botcheos*, attorneys).

No brief filed on behalf of respondents.

PER CURIAM.

These consolidated appeals are from a judgment of the Law Division entered upon the opinion of the Law Division published at 169 *N.J.Super.* 460 (Law Div.1979).

■ We have carefully studied the issues involved. We affirm substantially for the reasons stated by Judge Haines. We believe that the conclusion reached is supported by *N.J.S.A.* 40:55D–2(m). One of the ways in which the Legislature sought to encourage coordination to lessen the cost of development of land was to provide that planning boards and zoning boards of adjustment have final authority in development matters save only for the right of appeal. Our reading of the statute convinces us that the governing body's scope of review was meant to be limited to a determination of whether the planning board or the zoning board of adjustment had acted arbitrarily or unreasona-

bly. *See, New Jersey Institute for Continuing Legal Education, Municipal Land Use,* at 237 (1980); Sussna, "The New Municipal Land Use Law," 99 *N.J.L.J.* 81 (1976). The statement of disapproval in *Kessler v. Bowker,* 174 *N.J.Super.* 478, 489 (App.Div. 1979), is *obiter dictum.*

■ Permitting William Abele to intervene as a plaintiff shortly before the trial was appropriate. In *Mountain Hill Prop. v. Tp. Comm. of Middletown,* 63 *N.J.* 571 (1972), the township committee appealed to the Appellate Division a decision by the Law Division reversing the denial of a variance by the township committee. Middletown Council of Civic Associations petitioned to intervene eight days after the township committee announced at a public meeting that it was withdrawing its previously filed notice of appeal by virtue of having reached a negotiated settlement with Mountain Hill Properties. The Appellate Division denied the request for intervention. The Supreme Court granted certification and summarily remanded the matter to the Appellate Division with instructions to grant the application to intervene and to hear the merits of the appeal. *Cf. Allan–Deane Corp. v. Tp. of Bedminister,* 63 *N.J.* 591 (1973).

The judgment appealed from is affirmed. Any stays pending appeal are dissolved.