It added that the jury was to give due regard to the credibility of the State's witnesses in determining whether or not the State had proved its case. In that regard, the court mentioned the factors the jury should take into account, including a witness's ability to observe and recollect. The jury was also told that it could find defendant guilty on the testimony of the victim alone, "if you believe her and if you are satisfied that the elements of the crime *and that Mr. Green's participation in it have been established beyond a reasonable doubt.*" (Emphasis added). While not a textbook charge on identification, I believe it was adequate to present the critical issue to the jury fairly.

The majority opinion suggests that the trial court could have used as a guide the Model Jury Charge on identification. I do not disagree with this comment but must point out that in a note accompanying the Model Charge the Supreme Court Committee which drafted the charge states in part:

> Whether or not a separate charge on the subject of identification is necessary depends upon the situation presented in an individual case. The Committee recognizes that in a simple case the issue may be submitted to the jury wholly within the framework of a charge on credibility generally.

I would not put the rape victim through the ordeal of another trial. I would affirm.

*For reversal and remandment*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—6.

*For affirmance*—Justice SULLIVAN—1.

EVESHAM TOWNSHIP ZONING BOARD OF ADJUSTMENT
v. EVESHAM TOWNSHIP COUNCIL

March 9, 1981

Petitions for certification granted.

EVESHAM TOWNSHIP ZONING BOARD OF ADJUSTMENT AND WILBERT D. ABELE, PLAINTIFFS, v. EVESHAM TOWNSHIP COUNCIL, SAMUEL RUGGIERIO, EDITH RUGGIERIO AND WILLIAM RUGGIERIO, DEFENDANTS–APPELLANTS.

Argued April 6, 1981—Decided June 11, 1981.