EVESHAM TOWNSHIP ZONING BOARD OF ADJUSTMENT AND WILBERT D. ABELE, PLAINTIFFS, v. EVESHAM TOWNSHIP COUNCIL, SAMUEL RUGGIERIO, EDITH RUGGIERIO AND WILLIAM RUGGIERIO, DEFENDANTS–APPELLANTS.

Argued April 6, 1981—Decided June 11, 1981.

*George J. Botcheos* argued the cause for appellants Samuel Ruggierio, et al. (*Laskin & Botcheos*, attorneys).

*Thomas Norman* argued the cause for appellant Evesham Township Council.

The Evesham Township Zoning Board of Adjustment and intervenor-plaintiff-respondent Wilbert D. Abele did not submit briefs or present argument.

The opinion of the Court was delivered by

SULLIVAN, J.

This appeal in a zoning case involves the construction of certain provisions of the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.* The basic issue presented is the scope of review to be applied by a municipal governing body under *N.J.S.A.* 40:55D–17 when an appeal is taken to that body from the decision of a municipal board of adjustment denying an application for a use variance.

Appellants, Samuel, Edith and William Ruggierio, the contract purchasers of a house and adjacent lot located in a residential zone in Evesham Township, filed an application with the Evesham Township Zoning Board of Adjustment (Board) for a use variance under *N.J.S.A.* 40:55D–70(d) ("special reasons") to renovate and use the property for a law and professional office building. Following extensive hearings, the application was denied essentially on the ground that the proposed use would be inconsistent with and detrimental to the existing zoning scheme.

Appellants appealed the Board's action to the municipal governing body, the Evesham Township Council (Council), which, after *de novo* review of the record, reached a contrary decision. The Council found that special reasons had been shown, that the proposed use would not adversely affect the surrounding residential uses, and that the immediate neighborhood would benefit and would not be substantially depreciated or impaired by the proposed professional use. The Council also noted that neither the neighboring property owners nor the general public objected in any manner to the application. The Council, therefore, reversed the Board's decision and approved the variance application.

The Board then filed a complaint in lieu of prerogative writs charging that the Council's action was arbitrary, capricious and a usurpation of the authority entrusted to the Board by the Municipal Land Use Law. Motions to dismiss were filed raising the issue of the Board's standing to maintain the action. Prior to a ruling on the motions, the Board decided to withdraw the action and a stipulation of dismissal was executed by the parties. Shortly before the dismissal was filed, however, Wilbert D. Abele, Vice-Chairman of the Board, filed a motion to intervene individually as a party plaintiff asserting his status as a taxpayer and resident of the municipality. The trial court, over defendants' objection, granted the motion and allowed Abele to prosecute the suit in place of the Board.

On cross-motions for summary judgment, the trial court, in an opinion reported at 169 *N.J.Super.* 460 (Law Div.1979), ruled that the Council had no authority to make a *de novo* review of the Board's decision. *Id.* at 471–472. It noted that the Municipal Land Use Law vested power in boards of adjustment to grant or deny applications for variances from zoning provisions and that such matters came before the governing body only if an appeal was taken from the board's action. *N.J.S.A.* 40:55D–17(a). The court construed the statute as not vesting the governing body on such an appeal with broad reviewing authority over the board of adjustment's decision. Rather, it held that

the statutory grant of review to a governing body was limited to a consideration of whether the board's action was so arbitrary and capricious as to amount to an abuse of discretion. *Id.*

Applying this standard, the trial court determined that the finding of the Board in the instant case was amply supported by the record and was by no means arbitrary. *Id.* at 474. It therefore reversed the Council's decision and reinstated the Board's denial of the variance application. Appeals were filed by the Council and the Ruggierios with the Appellate Division which affirmed substantially for the reasons stated by the trial judge. 176 *N.J.Super.* 503 (1980). This Court granted certification on the petition of the Ruggierios. 86 *N.J.* 295 (1980).

Initially, appellants contend that the trial court should not have allowed Wilbert D. Abele to intervene as a party plaintiff some eight months after the Board's suit had been filed, and after the execution of a stipulation of dismissal of the action by all of the then parties to the suit. We find no error. *R.* 4:33–2 on Permissive Intervention vests considerable discretion in the trial court. No legal prejudice has been shown. Under the circumstances presented and in view of the important public issue involved, we conclude that the order allowing Abele's intervention was a proper exercise of the court's authority.

The basic, and important, issue in this appeal is the scope of review question. Under the old Municipal Planning Act, *N.J. S.A.* 40:55–1.1 *et seq.*, a board of adjustment had the power to deny an application for a "special reasons" use variance, which denial was final and was directly reviewable by an action in lieu of prerogative writs. *Rogoff v. Tufariello,* 106 *N.J.Super.* 303, 308–309 (App.Div.1969), certif. den. 54 *N.J.* 583 (1969). However, the board itself could not actually grant a use variance but could only recommend the grant of such variance to the governing body which had the power to approve or disapprove such recommendation. *N.J.S.A.* 40:55–39(d) (repealed 1976). Thus, it is clear that under prior law only the governing body had the power to grant a use variance.

Under the present Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.*, a board of adjustment now is empowered to grant a use variance for special reasons. *N.J.S.A.* 40:55D–70(d). Such board action is final unless an interested party appeals the grant to the governing body pursuant to *N.J.S.A.* 40:55D–17(a). If the board denies the application, the denial may also be appealed to the governing body, if permitted by ordinance.[1] *Id.* The same statutory section provides that "[t]he governing body may reverse, remand or affirm, wholly or in part, or may modify the final decision of the ... board of adjustment ...." *N.J. S.A.* 40:55D–17(d).

In the light of this new statutory scheme, the trial court concluded that the present law has established *strong* boards of adjustment and has limited governing body participation to a consideration of whether the board's action was so arbitrary and capricious as to amount to an abuse of discretion. 169 *N.J.Super.* at 471–472  We disagree.

██  While the present law does not set forth in precise terms the scope of review to be applied by the governing body, we find in the statutory language a clear indication that the Legislature intended that where the action of a board of adjustment is challenged on appeal, the governing body is to have authority to make a *de novo* review of the record established before the board and reach its own decision in the matter subject only to the requirement that its findings and conclusions are supported by the record. As heretofore noted, the present law provides that the governing body may "reverse, remand or affirm, wholly or in part, or may modify" the final decision of the board of adjustment. *N.J.S.A.* 40:55D–17(d). This broad grant of power suggests much greater authority over board action than the

---

[1]Evesham has adopted an ordinance implementing the statutory provision and authorizing appeals from final decisions of its board of adjustment.

limited scope of review found by the trial court. The foregoing statutory language confers a variety of options exercisable in the discretion of the governing body and plainly indicates a plenary scope of review.

This same interpretation was given the statutory language in *Kessler v. Bowker*, 174 *N.J.Super.* 478 (1979), where the Appellate Division, in a dictum comment, stated:

> . . . The options granted the governing body in the aforementioned statute are too far-ranging to suggest the narrow parameters of "arbitrary, unreasonable or capricious" when considering the scope of its review. The fact that the governing body is mandated to make its determination on the record presented to the board of adjustment, *N.J.S.A.* 40:55D–17(a), is not inconsistent. [*Id.* at 489]

It is argued that the legislative history and extrinsic aids to construction evidenced by contemporaneous statements and publications indicate a narrow, judicially oriented scope of review. We do not agree. Much of this material is consistent with the concept of a *de novo* type of review and, in any event, it certainly cannot limit the clear legislative grant of discretion to the governing body expressed in *N.J.S.A.* 40:55D–17(d). The fact that the governing body is required to decide the appeal only upon the record established before the board of adjustment, *N.J.S.A.* 40:55D–17(a), is not controlling with respect to the scope of review question. The statute merely restricts the presentation of evidence to the hearing before the board of adjustment. Where the action of a board of adjustment is challenged, however, the governing body, which is directly responsible to the citizenry, should have the right to apply its own expertise and knowledge of the community and make the final evaluation based on the record created below. We find this to be the legislative intent as expressed in the statute.[2]

---

[2]While we are here concerned with an appeal to the governing body from a board of adjustment's denial of an application for a use variance, the plenary scope of review we find under *N.J.S.A.* 40:55D–17(d) would appear to be equally applicable to all appeals from final decisions of a planning board or board of adjustment filed under *N.J.S.A.* 40:55D–17(a).

The governing body's task on the appeal hearing is to consider the record made by the board of adjustment and the legal arguments of counsel and to make its own findings and conclusions based on that record and argument. As heretofore noted, the statute provides that the appeal "shall be decided by the governing body only upon the record established before the ... board of adjustment." *N.J.S.A.* 40:55D–17(a).

The property in question, unoccupied for several years, was shown to be not only in substantial disrepair but also rapidly deteriorating even further. Moreover, pursuant to a prior variance, it had once been used as the administrative offices for the local board of education. Noting the condition of the property, its prior use, and the fact that other parcels in the area were used for a gasoline service station, funeral home, medical clinic, exterminator and office building, the Council concluded that special reasons had been established and that appellants' contemplated restoration of the structure would have a beneficial impact on the immediate neighborhood. The Council therefore reversed the decision of the Board and approved appellants' submitted variance.

Applying the broad standard of review hereby found under *N.J.S.A.* 40:55D–17(d), we are satisfied that the findings and conclusions of the Council are fully supported by the record made at the hearing before the Board. Accordingly, the judgment of the Appellate Division is reversed and the matter remanded to the trial court for entry of a judgment in favor of defendants.

*For reversal and remandment*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For affirmance*—none.