*N.J.Super.* 543 (App.Div.1952), and *Schrage v. Liebstein,* 16 *N.J.Super.* 384 (App.Div.1951).

The arbitration award is therefore vacated. The matter is remanded to the American Arbitration Association for proceedings consistent with this opinion.

█ One further issue must be addressed to assist the parties on remand. *Ciecka* (81 *N.J.* at 428) clearly holds that no set-off or deduction is permitted against a UM award for any payments made under the liability provisions of an applicable insurance policy. This applies even when both the insured and uninsured drivers are determined to be negligent. *Id.,* at 425. Therefore, Jaworski's settlement with Midwest under the liability policy for $9,000 is irrelevant to the arbitration proceeding and should have no bearing on the award.

All other issues raised by the parties are rendered moot by reason of the foregoing determinations. MCA's attorney shall submit an order consistent with this opinion. The court will retain jurisdiction under *N.J.S.A.* 2A:24-4 and *N.J.S.A.* 2A:24-7.

MONROE REALTY CORP., A CORPORATION IN THE STATE OF NEW JERSEY, PLAINTIFF, v. MIDDLETOWN PROPERTIES, INC. AND THE BOROUGH COUNCIL OF THE BOROUGH OF EATONTOWN, DEFENDANTS.

Superior Court of New Jersey
Law Division Monmouth County

Decided November 25, 1981.

*Thomas J. Spinello* for plaintiff.

*Gabriel E. Spector* for defendant Middletown Properties, Inc. (*Landy & Spector*, attorneys).

*John W. O'Mara* for defendant Borough Council of the Borough of Eatontown.

SHEBELL, A. J. S. C.

Plaintiff instituted an independent action in lieu of prerogative writs challenging a resolution of the borough council of Eatontown which granted defendant Middletown Properties, Inc., variances as a means of settling a prior prerogative writ action. The prior action was pending before the court, having been initiated by Middletown Properties, Inc., challenging the earlier denial of its requested variances by both the board of adjustment and the borough council. Plaintiff herein was not a party to the prior action, being neither a necessary party nor having sought to intervene therein.

Plaintiff alleges in its complaint that the council's action was in violation of the New Jersey statutes which purportedly give such powers to boards of adjustment and that the testimony was not sufficient to establish the granting of the variance. The resolution adopted by the council was acted upon at a public meeting and a final judgment by consent was entered by this court.

There is no New Jersey case dealing with the question of the right of an interested party to bring an independent action to challenge a settlement of an action in lieu of prerogative writs where action by the local governing board is required. *Compare Morton v. Clark Tp.,* 102 *N.J.Super.* 84 (Law Div. 1968), aff'd 108 *N.J.Super.* 74 (App.Div.1968), decided under *N.J.S.A.* 40:55–39(d) when the governing body had somewhat more limited power to approve or disapprove recommendations of the zoning board.

The present statute, *N.J.S.A.* 40:55D–17(d), provides that:
The governing body may reverse, remand or affirm, wholly or in part, or may modify the final decision of the planning board or board of adjustment, as the case may be.

Plaintiff relies on the case of *Dover Tp. v. Board of Adjustment*, 158 *N.J.Super.* 401 (1978), for its position that the governing body is without jurisdiction to act *de novo* on matters where a variance is sought following the submission of a revised plan which had not previously been submitted to the board of adjustment. The legislative intent cited in that case was contrary to the intent evidenced by the present legislative enactment in *N.J.S.A.* 40:55D–17(d), and plaintiff's position cannot be accepted by this court. *Evesham Tp. Bd. of Adj. v. Evesham Tp.*, 169 *N.J.Super.* 460 (Law Div. 1979), aff'd 176 *N.J.Super.* 503 (App. Div.1980), rev'd 86 *N.J.* 295 (1981). This court holds that the action of the governing body, having been taken at a public meeting, was an event consistent with the judicial proceedings under court supervision and was within the statutory jurisdiction of the borough council.

Plaintiff did not attempt to intervene in the prior action although it had a right to do so had it acted in a timely fashion. *Stokes v. Lawrence Tp.*, 111 *N.J.Super.* 134 (App.Div.1970); *Allen-Deane Corp. v. Bedminster Tp.*, 121 *N.J.Super.* 288 (App. Div.1972). Middletown Properties, Inc. was under no obligation to join the objectors in the prior action. *Peoples Trust Co. v. Hasbrouck Heights Bd. of Adj.*, 60 *N.J.Super.* 569 (App.Div. 1959).

█ This court concludes that plaintiff, not being a party to the prior action, cannot now be heard to attack the settlement and action of the governing body as not being supported by the record below. Public policy requires that such issues not be open to attack collaterally following a bona fide settlement entered into by the governing body as an act within its statutory authority, once finalized by a judgment of the court. *See Summit Tp. Taxpayers Ass'n v. Summit Tp. Bd. of Supervisors*, 49 *Pa.Cmwlth.Ct.* 459, 411 *A.*2d 1263 (Cmwlth.1980).

The law favors settlements and discourages attacks by those who fail to exercise rights which they have to insure that they can participate in judicial actions in a timely fashion. These

policies are furthered by the refusal to allow plaintiff's action. Plaintiff is in no different position than if the court had heard the entire case and ruled on the merits adversely to its hoped-for result. Plaintiff under such circumstances, not having joined in the litigation, would have no further recourse to the courts.

Summary judgment is, therefore, entered against plaintiff.