PUGET SOUND AGRICULTURAL COMPANY *vs.* PIERCE COUNTY.

The District Court has no jurisdiction, even with consent of parties, to enter, as of a past term, a decree rendered at Chambers, in vacation.
The code provides for no such judgment.

ERROR to the District Court for Pierce county.

Opinion by MCFADDEN, Chief Justice.

This cause is before this Court on a writ of error and waiver of notice, under the provisions of section 347 of the code, page 198.

This was an appeal to the District Court, from an order of taxation made by the commissioners of Pierce county, and was submitted to the Court, on an agreed statement of facts, and was argued by counsel. The District Court for Pierce county, by agreement of counsel, held the case under advisement until the 19th day of November last, when the Judge of said Court made a decree in the premises, affirming the order of the county commissioners, and which was directed by him to be entered, *nunc pro tunc*, as a decree of the past term.

The only question suggested here, is one of jurisdiction. Can a decree made up at Chambers, in vacation, with consent of counsel, be entered as a judgment of the Court, relating to the term past?

We can find no provision in our code which would seem to warrant it. There can be no doubt that it may be entered at the ensuing term; and as this is a case involving important principles, we are disposed to exercise the greatest caution. The provisions of our code require that the journal entries, or minutes of the term, shall be approved and signed during the term; and while for convenience of counsel, and the Court, strictly speaking, this is not always done, yet the record shows otherwise.

There would seem to be no provision in the code for inter-

polating orders or decrees, made at Chambers, in vacation, in the journal entries of the past term, and we do not see how it can be consistently done.

We think there is no order, or final decree in this cause, and therefore no writ of error will lie.

It is therefore ordered by the Court that this cause be dismissed for want of jurisdiction.