60 N.J. Super. 569 (1959)
160 A.2d 63
PEOPLES TRUST COMPANY OF BERGEN COUNTY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF HASBROUCK HEIGHTS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1959.
Decided December 24, 1959.
*571 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Howard E. Corbett argued the cause for respondent (Messrs. Winne & Banta, attorneys).
Mr. Ralph W. Chandless argued the cause for appellant (Messrs. Chandless, Weller & Kramer, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves a zoning matter. Plaintiff Bank operates a branch office on the northeast corner of the Boulevard and Jefferson Avenue in the Borough of Hasbrouck Heights, Bergen County, New Jersey. In 1957 plaintiff determined to provide an off-street parking area for its customers. To that end it entered into a contract *572 to purchase four lots which are located to the rear of the bank building. One of the lots faces on Jefferson Avenue and has a dwelling house thereon. The other three are vacant inside lots. As assembled, they form an L shaped parcel, one end of which is contiguous to the bank property.
Most of the Borough is zoned for residential purposes. In this section however, each side of the Boulevard is zoned for business to a depth of 125 feet. Since almost the entire proposed parking area extends easterly beyond the business zone and into a residential zone, class "A," plaintiff filed an application for a variance with the local board of adjustment. The proposed use was opposed, and after lengthy hearings which were stenographically reported, the board denied the application by a formal resolution which made no findings of any kind and gave no reasons for the board's action.
Thereafter plaintiff filed the present action against the board of adjustment in the Law Division of the Superior Court seeking to have the resolution denying the application set aside on the ground that it was unreasonable, arbitrary and capricious. Defendant's answer denied that the resolution was unreasonable, arbitrary or capricious, and added the separate defense that plaintiff had failed to make parties defendant, those property owners within 200 feet of the premises in suit who had objected to the grant of the variance, it being defendant's contention that these persons were necessary parties. The trial court, in lieu of joining them as parties, directed that notice of hearing be given by mail to all property owners within 200 feet of the premises in question. At the conclusion of the trial, the judge decided that the refusal to grant the variance was arbitrary and capricious and entered judgment for plaintiff. His oral opinion is as follows:
"The Court: Well, I have read your briefs, and I have visited the property. It seems to me that the action of the Board of Adjustment in refusing to recommend this variance is arbitrary and *573 capricious. The property of the plaintiff is located in a business zone, and it is actually developed for business. It has all the appearance of being the main business center of Hasbrouck Heights  that is, the Boulevard in that section. Immediately to the rear of the business area, there are one family homes. When I visited the property, on both sides of the street in the residential area, there were parked automobiles, one immediately behind the other.
There is undoubtedly a need for this parking area at this location, and a parking area of this nature, in my opinion, undoubtedly is a benefit to the entire community of Hasbrouck Heights, and I cannot conceive of any injury or inconvenience to the residential area.
There will be a judgment for the plaintiff."
The defendant's appeal makes these points. First, the action of the trial court in granting a variance after defendant board had refused to do so was contrary to law. Second, property owners who participated before the board of adjustment were necessary parties in interest in the Law Division. Third, the judgment of the court, as shown by its oral opinion, was based on matters outside the record and therefore is void.
Judicial review of the action of a board of adjustment is limited in its scope. The court has no right to consider the matter de novo and substitute its judgment for that of the board's. Tomko v. Vissers, 21 N.J. 226 (1956). In Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405, at page 423 (1952), the Supreme Court stated the rule to be applied as follows:
"The rationale of the statutory scheme is that the board of adjustment shall supply expert discretion to the matters coming within its cognizance, and judicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function."
In Cummins v. Board of Adjustment of Borough of Leonia, Bergen County, 39 N.J. Super. 452, at page 460 (App. Div. 1956), the court said this:
*574 "The question is never what we would have done in the circumstances, but whether the zoning board abused its authority or departed from law. In Ward v. Scott, above, [16 N.J. 16 (1955)] which dealt with the town council's grant of a variance upon a recommendation of the board of adjustment, it was pointed out that:
`* * * Local officials who are thoroughly familiar with their community's characteristics and interests and are the proper representatives of its people, are undoubtedly the best equipped to pass initially on such applications for variance. And their determinations should not be approached with a general feeling of suspicion, for as Justice Holmes has properly admonished: "Universal distrust creates universal incompetence." Graham v. United States, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319, 324 (1913). * * *'
This philosophy is even more cogently applicable to a case where we review a denial of a variance than where we review a grant, for generally speaking more is to be feared from a breakdown of a zoning plan by ill-advised grants of variances than by refusals thereof. Beirn v. Morris, 14 N.J. 529, 536 [103 A.2d 361] (1954)."
The action of the local board is not to be disturbed unless it clearly appears that such action was arbitrary, capricious or patently unreasonable. Schmidt v. Board of Adjustment of City of Newark, supra; Rain or Shine Box Lunch Co. v. Newark Board of Adjustment of City of Newark, 53 N.J. Super. 252 (App. Div. 1958).
In the present case, however, the local board made no findings of fact nor did it give any reasons for its denial of the application. This was improper because without these basic elements it is impossible for the reviewing court to determine whether or not the board acted properly and within the limits of its authority. Here, the application was under N.J.S.A. 40:55-39(d). We do not know whether the refusal to grant the variance was based on an absence of an affirmative showing of special reasons, or whether the proofs failed to meet the negative criteria specified in the statute; see Grundlehner v. Dangler, 29 N.J. 256, at page 271 (1959); Whitehead v. Town of Kearny Zoning Board of Adjustment, 51 N.J. Super. 560, at page 570. (App. Div. 1958). It may be that the board denied the application for reasons that are not proper under the statute. Cf. Rain or Shine Box Lunch Co. v. Newark Board *575 of Adjustment of City of Newark, supra. It is essential that a board of adjustment, whether it grants or denies an application, should make full and complete findings upon which its ruling may be based. Tomko v. Vissers, supra; Kempner v. Edison Township, 54 N.J. Super. 408 (App. Div. 1959); Rain or Shine Box Lunch Co. v. Newark Board of Adjustment of City of Newark, supra; Cummins v. Board of Adjustment of Borough of Leonia, Bergen County, supra.
In the present case, while there was substantial evidence in the record from which findings in support of the board's determination could reasonably be made, there were questions of fact raised which should have been resolved by the local board. The trial court, therefore, should have retained the matter and directed the board of adjustment to amplify the record by preparing a statement of its findings as well as its reasons for denying the application. By doing this, the court then would have had a proper foundation for the review of the board's action.
Plaintiff's non-joinder as parties defendant of objectors who appeared at the board hearing was not error. These persons are not necessary or indispensable parties to this suit. See Second Reformed Church v. Board of Adjustment of Borough of Freehold, 30 N.J. Super. 338 (App. Div. 1954). Indeed it might interfere with free and open discussion before boards of adjustment if property owners, by participating therein, risked being parties to any subsequent judicial review.
It is clear from the trial judge's opinion that he based his ruling, at least in part, on matters observed by him when he viewed the property. Members of boards of adjustment may view the property and use their impressions thereof, and may even take into consideration their personal knowledge of the property, provided they set forth in the record what the facts are and how they were ascertained. Tomko v. Vissers, supra; Dolan v. DeCapua, 16 N.J. 599 (1954). Judicial review of board of adjustment *576 action is confined to the record made before the local board. The judge is not in the same position as the board members. His sole inquiry is whether the board acted properly on the evidence before it. The judge has the right to view the local scene in order to better understand the evidence in the case. However, he may not go outside of the record and base his ruling on his personal knowledge or facts ascertained from a personal inspection. Second Reformed Church v. Board of Adjustment of Borough of Freehold, supra. Cf. Elizabeth Federal Savings & Loan Ass'n v. Howell, 24 N.J. 488 (1957); Mazza v. Cavicchia, 15 N.J. 498 (1954).
The judgment is set aside and the case remanded to the trial division which is to direct the board of adjustment to prepare findings of fact and, based thereon, a statement of its reasons for denying the application. The trial judge is then to reconsider the matter in the light of the board's findings and the rules restated in this opinion.