[No. 8792–1–III.   Division Three.   June 16, 1988.]

IRA WOODWARD, ET AL, *Appellants,* v. THE CITY OF SPOKANE, ET AL, *Respondents.*

*William Symmes* and *Witherspoon, Kelley, Davenport & Toole,* for appellants.

*James C. Sloane, City Attorney,* and *Gregory Smith, Assistant; Frederick J. Dullanty, Jr.,* and *Winston & Cashatt,* for respondents.

McINTURFF, C.J.—The facts before us are undisputed. Albertson's, Inc., sought a zone change of property located at 37th and Grand in Spokane in order to construct a combined food and drug super store. The zone change was vigorously contested by adjacent home owners in the area, including appellants Woodward and Murphy (herein Appellants). Pursuant to Spokane Municipal Code (SMC) 4.03.140(H), owners of property to be rezoned signed appointments naming F.J. Dullanty, also retained by Albertson's as their representative at the administrative level. After a lengthy hearing before a Spokane County Hearing Examiner, the zone change was approved. The decision was timely appealed to the Spokane City Council, which affirmed the hearing examiner on June 15, 1987.

Two days before the judicial review period expired, the Appellants retained counsel to perfect an appeal. An application for writ of certiorari and accompanying affidavit

were filed on June 24, 1987, naming only the City of Spokane and Albertson's, Inc., as respondents. The application was served on Mr. Dullanty who executed an acceptance and acknowledgment of service on behalf of Albertson's only. It is admitted by the Appellants none of the property owners were named in nor personally served with the application.

Albertson's objected to the application for the writ on the grounds it failed to name certain indispensable parties, the property owners. A reply was timely filed in which the Appellants requested leave to amend the pleadings by naming and serving any necessary parties, under the "relation back" doctrine of CR 15(c). On July 10, 1987, the trial court heard arguments and denied the writ and the motion to amend.

The Appellants first contend the trial court erred when it dismissed the writ of certiorari, arguing they were entitled to rely on the appointments signed by the property owners in absence of a repudiation, citing *Haller v. Wallis,* 89 Wn.2d 539, 547, 573 P.2d 1302 (1978) and *PUD 1 v. WPPSS,* 104 Wn.2d 353, 705 P.2d 1195, 713 P.2d 1109 (1985).

As noted in *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.,* 96 Wn.2d 201, 207, 634 P.2d 853 (1981), there is a distinction between the rezone hearing process at the administrative level and judicial review. *Cathcart,* at 207 (quoting *Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs,* 22 Wn. App. 229, 232–33, 588 P.2d 750 (1978)) noted the distinguishing factors:

> (1) The successful property owner–applicant is a necessary party because he is "most affected" by the granting of the writ of review, and he should be a party to any proceeding, the purpose of which is to invalidate or affect his interests. *Andrus v. County of Snohomish,* 8 Wn. App. 502, 507–08, 507 P.2d 898 (1973). (2) As a quasi-judicial body, a zoning board has no legal interest in the ultimate decision, but represents the public interest, and is primarily concerned with assisting the court to make a

proper judgment. *Sumner–Tacoma Stage Co. v. Department of Public Works,* 142 Wash. 594, 597, 254 P. 245 (1927). By contrast, a property owner would have a very real interest in opposing the demands of others who seek to reverse the decision of the zoning board on appeal. (3) There is nothing in the statutes concerning the writ of certiorari to indicate that an adversary proceeding is not contemplated. (4) A judgment made by the court in a review by certiorari would not be binding upon the property owners who were not made parties, and it, therefore, could not take away the property interests they have established under our zoning laws. *Sumner–Tacoma Stage Co.,* at 600.

(Footnote omitted.)

█ Property owners affected by rezone are necessary and indispensable parties and must be named in a writ of certiorari which reviews such decisions. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy., supra; Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs, supra; Andrus v. County of Snohomish,* 8 Wn. App. 502, 507–08, 507 P.2d 898 (1973); SMC 4.03.290(B). Here, the property owners were not named. Additionally, Appellants argue Mr. Dullanty was an agent for the property owners. We find no evidence of an agency relationship other than Appellants' own assertions Mr. Dullanty was their attorney. Even assuming, arguendo, Mr. Dullanty was their agent, he was not named as a party.

This issue is summarily disposed of in *Tellinghuisen v. King Cy. Coun.,* 103 Wn.2d 221, 691 P.2d 575 (1984), which considered whether judicial review of a rezone should be granted where the petition for writ of review was not served on the property owners, but was served on the attorney who had represented the parties at the rezone hearing. The trial court dismissed the application for failure to join all necessary parties. *Tellinghuisen,* at 224, states:

> Considering the facts presented here, it is clear that the Tellinghuisens' failure initially to name all necessary parties is inexcusable. As in *South Hollywood Hills* [*Citizens Ass'n v. King Cy.,* 101 Wn.2d 68, 677 P.2d 114 (1984)], the identity of the omitted parties was a matter

of public record. *See South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 77. The Tellinghuisens have offered no cogent explanation for failing to name those parties.

*See also Cathcart,* at 207. The same reasoning is applicable here; service on Mr. Dullanty did not constitute service on the unnamed landowners. Mr. Dullanty accepted service only on behalf of Albertson's. Additionally, neither the landowners nor Mr. Dullanty were named as parties in the application for writ of certiorari. The Appellants offer no explanation for the error except for the 2–day preparation time and their reliance upon the appointments. The five additional property owner names were readily available in the record. The Supreme Court has spoken; we find no error.

Next Appellants contend SMC 4.03.290(B)(7) impermissibly restricts the jurisdiction of the superior court to exercise its inherent power of review, *contra,* article 4, section 6, of the state constitution, citing *Bridle Trails Comm'ty Club v. Bellevue,* 45 Wn. App. 248, 724 P.2d 1110 (1986).

SMC 4.03.290(B)(7)(a) provides: "A petitioner for judicial review of the final decision of the . . . zoning board of adjustment or city council under this chapter must serve and file the application within ten days." In *Bridle Trails,* appellants appealed the dismissal in superior court of their writ of certiorari filed under RCW 7.16 rather than the Bellevue City Code. *Bridle Trails,* at 250–51, noted:

> The trial court was correct in dismissing appellants' action under RCW 7.16. Those statutory provisions are applicable only to quasi–judicial proceedings. And then only where no appeal is provided. . . . [T]he City's land use code clearly provides for an appeal.

(Footnotes omitted.) The court then cited Bellevue City Code 20.40.180 which provided for an appeal within 10 days of the decision. However, the appellants were foreclosed from using that avenue because they had filed their appeal 29 days after the decision. After reviewing the pleadings, the court found jurisdiction to review the case under the

court's "constitutional" or "common law" certiorari, described as not full appellate review on the merits, but limited to a review of the record in superior court to determine whether the act complained of was arbitrary, capricious or illegal. *Bridle Trails*, at 251–52. It was noted, however, that even though petitioners had not specifically requested review under the court's inherent powers, the pleadings were sufficient to raise the issue.

Appellants admit this issue is raised for the first time on appeal, but argue it is jurisdictional. Errors addressing trial court jurisdiction may be raised for the first time on appeal. RAP 2.5. The issue of common law certiorari does not involve the trial court's jurisdiction to review the decision of the city council; rather, it is a legal theory which was not presented to the trial court. The trial court's jurisdiction was properly invoked under SMC 4.03.290-(B)(7) by the Appellants. *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 364, 635 P.2d 721 (1981) (a trial court acts in an appellate capacity when reviewing statutory writs and its jurisdiction is dependent upon compliance with statutory time limits). Because this issue has not been properly presented for appeal, we decline to address it.

Third, did the trial court properly deny Appellants' motion for leave to amend under CR 15(c)?

Appellants contend *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 677 P.2d 114 (1984), and *Tellinghuisen* are distinguishable because there the trial court found no cogent explanation for the failure to name the necessary parties.

CR 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has

received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The trial court's decision to grant or deny a motion to amend will not be disturbed on appeal absent a manifest abuse of discretion. *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 100 Wn.2d 343, 351, 670 P.2d 240 (1983).

As noted in *North St. Ass'n v. Olympia, supra* at 368, "[t]he amended rule, however, still does not permit joinder if the plaintiff's delay is due to inexcusable neglect." Appellants urge this court to adopt a more flexible rule as to what constitutes excusable neglect, citing *Haberman v. WPPSS,* 109 Wn.2d 107, 172, 744 P.2d 1032, 750 P.2d 254 (1987). However, *Haberman,* at 173–74, states:

> Plaintiffs contend that delay, excusable or not, is not sufficient to support the trial court's denial of their motion. Instead, plaintiffs argue that a showing of specific prejudice by the nonmoving party must be shown. *See Caruso v. Local 690, Int'l Bhd. of Teamsters,* 100 Wn.2d 343, 349, 670 P.2d 240 (1983) (delay alone insufficient to support denial of leave to amend to add new claims). However, in cases where leave to amend to add additional defendant[s] has been sought, this court has clearly held that inexcusable neglect alone is a sufficient ground for denying the motion. *North St. Ass'n,* at 368; *Tellinghuisen v. King Cy. [Coun.],* 103 Wn.2d 221, 223, 691 P.2d 575 (1984); *South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 77. Generally, inexcusable neglect exists when no reasons for the initial failure to name the party appears in the records. *South Hollywood Hills Citizens Ass'n,* at 78. *If the parties are apparent, or are ascertainable upon reasonable investigation, the failure to name them will be held to be inexcusable.* See 3A L. Orland, Wash. Prac., comment § 5185, at 43–44 (3d ed. 1986 Supp.); *Tellinghuisen,* at 224 (no excuse where identity of omitted parties was matter of public record); *South Hollywood Hills Citizens Ass'n,* at 77 (no excuse because identity of omitted parties was matter of public record).

(Italics ours.) The *Haberman* court then concluded the trial court did not abuse its discretion in denying leave to amend because the parties' names were readily available from a variety of public sources. The same analysis is applicable here. The names of the five property owners were readily available and part of the court's record. Again, the Supreme Court has emphatically spoken; there is no error.

Finally, Appellants argue SMC 4.03.290(B)(7) impermissibly restricts the right to appeal in violation of procedural due process under article 1, section 3, of the Washington State Constitution and the fourteenth amendment to the United States Constitution, because the 10–day appeal period under the statute is unreasonably harsh and burdensome.

4 R. Anderson, *American Law of Zoning* § 27.24, at 532 (3d ed. 1986), states:

> Specific provisions limiting the time within which an aggrieved litigant must perfect an appeal are included in the enabling acts of about two–thirds of the states.
>
> In general, these provisions are included on the assumption that the public interest will be best served by finalizing the decisions of the board and firming–up the rights to develop land at the earliest moment which is consistent with fair process. Most statutes relating solely to appeals from the board of adjustment require that proceedings be instituted within a relatively short period of time following the rendition, notice, or filing of the decision. The time restrictions range from 10 to 60 days, most requiring that proceedings be commenced within 30 days of the decision in issue.

(Footnote omitted.) In *Deschenes v. King Cy.*, 83 Wn.2d 714, 717, 521 P.2d 1181 (1974), the court considered the validity of a similar King County ordinance which provided for appeal if notice was given within 10 days. The court upheld the ordinance, noting, at page 718, the general law on planning, RCW 36.70.890, also provides for a 10–day limitation.

We find no error; the dismissal of the writ is affirmed.[1]

MUNSON and THOMPSON, JJ., concur.

Reconsideration denied August 8, 1988.

Review denied by Supreme Court November 29, 1988.

---

[1]After oral argument, respondents submitted a supplemental memorandum citing additional authority. Appellants moved to strike based on RAP 10.8, contending respondents' memorandum contained impermissible argument. Because we have not cited the particular case in our opinion, the motion is moot.