971 P.2d 32 (1999)
137 Wash.2d 296
Wes CROSBY and C.H.D., Inc., a Washington corporation, Petitioner,
v.
COUNTY OF SPOKANE, a Washington corporation; Spokane County Board of Commissioners; Allen R. Osborne; Robert Loweree and Patricia Loweree, husband and wife; and James Pollard and Mary Pollard, husband and wife, Respondents.
No. 65924-9.
Supreme Court of Washington, En Banc.
Argued June 23, 1998.
Decided February 4, 1999.
*34 Witherspoon & Kelley, Frederick J. Dullanty, Kelly Nolen, Spokane, for Petitioners Wes Crosby and C.H.D., Inc.
Steven Tucker, Spokane County Prosecutor, Robert Binger, Deputy Prosecutor, Spokane, for Respondents County of Spokane & Spokane County Board of Commissioner.
Eugster, Haskell, Stephen Eugster, Spokane, for Respondents Allen Osborne, Et Al. *33
*35 MADSEN, J.
The superior court dismissed this case involving review of a denial of a plat application on the basis the court lacked appellate jurisdiction because petitioners failed to submit an affidavit or verification in support of an application for a writ of certiorari as required by RCW 7.16.050. The Court of Appeals affirmed. We reverse.

Facts
On June 24, 1993, petitioners Wes Crosby and C.H.D., Inc. (hereafter petitioners) submitted an application for a preliminary plat of a 31-lot residential development on 9.3 acres in the Spokane Valley. After a public hearing, the Spokane County Hearing Examiner Committee approved the application. Neighboring landowners, respondents Allen Osborne, Robert and Patricia Loweree, and James and Mary Pollard, appealed the Committee's decision to the Spokane County Board of Commissioners. In November 1993, following a public hearing, the Board reversed in a 2-1 decision. The Board's denial was without prejudice until a public sewer was extended to the property (the proposed plat involves land overlying the Spokane aquifer).
On December 2, 1993, petitioners applied to Spokane County Superior Court for issuance of a writ of certiorari, naming the County and the Board as defendants. On January 6, 1994, petitioners obtained an order to show cause why a writ should not issue.[1] On January 7, 1994, the County stipulated to issuance of the writ and the court signed an agreed order issuing a writ of certiorari directing the County to produce a copy of the agency record.
In December 1994, the superior court held a hearing on the writ, and in February 1995, issued a letter decision concluding that the Board's decision was arbitrary and capricious because it was based on need for a sewer line when, at the time, applicable law allowed for subdivision development in the area without sewer. The court concluded that because petitioners had complied with the requirements existing at the time of the application, they had acquired vested rights. Before an order on the decision was entered, however, respondent Osborne moved to intervene for the purpose of a motion to dismiss the case because petitioners had failed to submit an affidavit or verification in support of the application for the writ, as required by RCW 7.16.050. Osborne later amended his pleadings to seek a declaration that the Board's decision was res judicata as to him. The superior court issued a letter decision granting the motion to intervene, following which petitioners moved to join respondents Loweree and Pollard as intervenors (as they had also appealed to the Board). The Lowerees and the Pollards did not object to being joined solely for purposes of moving to dismiss the case or for a declaration that the Board's decision was res judicata as to them.
On November 14, 1995, the superior court issued orders granting Osborne's motion to intervene, granting petitioners' motion to join the Lowerees and the Pollards, and granting the respondents-neighboring landowners' motion to dismiss for lack of jurisdiction due to petitioners' failure to submit an affidavit or verification. The court also held that dismissal was required because petitioners failed to join indispensable parties, Osborne, the Lowerees, and the Pollards, within the statute of limitations period (within 30 days of filing their application for a writ), and held that the Board's denial of the plat application was res judicata as to respondents Osborne, Loweree, and Pollard.
Petitioners appealed to this court, which transferred the appeal to the Court of Appeals. Division Three affirmed the superior court. Crosby v. County of Spokane, 87 Wash.App. 247, 941 P.2d 687 (1997), review granted, 134 Wash.2d 1019, 958 P.2d 318 (1998). The Court of Appeals held that the superior court lacked jurisdiction due to petitioners' failure to file an affidavit or verification within 90 days after filing the application for a writ of certiorari, and, in light of that *36 conclusion, declined to reach other issues raised by the parties.
Petitioners then sought discretionary review by this court, which was granted.

Jurisdiction
A superior court is a court of general jurisdiction. However, when it acts in an appellate capacity in a statutory writ proceeding it has only such jurisdiction as is conferred by law. Deschenes v. King County, 83 Wash.2d 714, 716, 521 P.2d 1181 (1974); KSLW v. City of Renton, 47 Wash.App. 587, 595, 736 P.2d 664 (1986). Thus, statutory procedural requirements must be satisfied before a superior court's appellate jurisdiction is invoked. City of Seattle v. Public Employment Relations Comm'n, 116 Wash.2d 923, 926, 809 P.2d 1377 (1991). If a court lacks jurisdiction over a writ proceeding, it "may do nothing other than enter an order of dismissal." Deschenes, 83 Wash.2d at 716, 521 P.2d 1181. The issue whether a court has jurisdiction is a question of law subject to de novo review. See State v. Squally, 132 Wash.2d 333, 937 P.2d 1069 (1997).
RCW 7.16.050 provides that an application for a writ of certiorari, a "writ of review," "must be made on affidavit by the party beneficially interested...." A verification may be substituted for an affidavit. RCW 9A.72.085; Gordon v. Seattle-First Nat'l Bank, 49 Wash.2d 728, 731, 306 P.2d 739 (1957). The purpose of the requirement is to "assure the truthfulness of the pleadings and to discourage claims without merit...." Griffith v. City of Bellevue, 130 Wash.2d 189, 194, 922 P.2d 83 (1996). Both the superior court and the Court of Appeals reasoned that submission of an affidavit or verification is a jurisdictional requirement which was not satisfied in this case.
We agree that the statutory affidavit/verification requirement is jurisdictional. However, we have recognized that in some circumstances jurisdictional requirements may be satisfied by substantial compliance. "`"Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute."'" (Alteration in original.) Continental Sports Corp. v. Department of Labor & Indus. 128 Wash.2d 594, 602, 910 P.2d 1284 (1996) (quoting City of Seattle v. Public Employment Relations Comm'n, 116 Wash.2d 923, 928, 809 P.2d 1377 (1991) (quoting In re Writ of Habeas Corpus of Santore, 28 Wash.App. 319, 327, 623 P.2d 702 (1981))). The doctrine of substantial compliance has been utilized where invocation of a superior court's appellate jurisdiction is concerned. For example, the doctrine has been applied when determining compliance with notice of appeal requirements under the industrial insurance act, RCW 51.52.110. In re Disciplinary Proceeding against Saltis, 94 Wash.2d 889, 621 P.2d 716 (1980).
Moreover, we have specifically applied substantial compliance principles when deciding cases involving defective affidavits or verifications in support of applications for statutory writs of certiorari. In a case where an affidavit in support of an application for a writ of certiorari was signed by the applicant's attorney rather than by the applicant, the court held that the defect did not deprive the court of jurisdiction. In re Welfare of Messmer, 52 Wash.2d 510, 326 P.2d 1004 (1958). More recently, we held that the failure to sign a verification in support of an application for a writ of certiorari was not a defect which deprived the superior court of jurisdiction. Griffith v. City of Bellevue, 130 Wash.2d 189, 922 P.2d 83. In In re Messmer and in Griffith, substantial compliance with the jurisdictional requirement, not strict compliance, was held sufficient.
The Court of Appeals, however, found Griffith distinguishable from the present case because there a verification had been timely filed, while in this case no affidavit or verification was submitted at all. We agree that generally noncompliance with a statutory mandate is not substantial compliance. See San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 709, 943 P.2d 341 (1997). However, as noted, the key to substantial compliance is the satisfaction of the substance essential to the purpose of the statute. Continental Sports Corp., 128 Wash.2d at 602, 910 P.2d 1284. The writ statute authorizes a court to issue a writ *37 without notice to the governmental body to which the writ is directed, RCW 7.16.050, and in such cases an affidavit or verification is especially needed to assure the truthfulness of the pleadings and discourage meritless claims. However, where the governmental body to which the writ is directed has notice and stipulates to issuance of the writ, generally the purpose of the requirement will be satisfied. Absent some clear indication in the record to the contrary, a court can assume that a governmental body would not agree to issuance of a writ based upon falsehoods or where a claim is frivolous.[2] Here, a show cause hearing was scheduled at which the County could have argued against issuance of the writ, but instead the County stipulated to its issuance. Following the stipulation, there was little point in submission of an affidavit or verification. We conclude that the stipulation by the County served as an adequate substitute for the affidavit/verification requirement.
Our approach is consistent with sound public policy expressed in Griffith that the merits of controversies be reached. Griffith, 130 Wash.2d at 192-93, 922 P.2d 83. As we noted there, RCW 7.16.340 directs that the civil rules be applied in writ proceedings, and the purpose of the civil rules is to place form over substance to the end that cases be resolved on the merits. Id.
The superior court should not have dismissed this case for lack of jurisdiction.

Joinder
The superior court reasoned that dismissal is also required because the respondents-neighboring landowners were necessary and indispensable parties to the writ proceeding who were not joined within the statute of limitations period. In light of its decision on the affidavit/verification issue, the Court of Appeals did not reach this issue. Because we hold dismissal was not warranted based upon lack of jurisdiction, the joinder issue requires resolution. We address the issue rather than remand to the Court of Appeals. See RAP 13.7(b).
Respondents-landowners maintain that petitioners failed to assign error to the superior court's decision on joinder. However, petitioners' assignment of error No. 3 referred to "necessary and indispensable parties," they expressly raised the issue in their issues pertaining to assignments of error, and they devoted eight pages of their brief to arguing the issue. Br. of Appellants, at 1-2, 13-21. They address it in their petition for review and supplemental brief filed in this court. The issue has been sufficiently raised. See State v. Olson, 126 Wash.2d 315, 893 P.2d 629 (1995).
We note at the outset of our discussion that there is no dispute that the respondents-landowners had standing to appeal the Spokane Hearing Examiner Committee's decision to the Spokane Board of County Commissioners. If the Board had affirmed the Committee's decision, Osborne would have had standing to seek a writ of certiorari. Former RCW 58.17.180(2) conferred standing to seek review by way of a writ to "[a]ny property owner entitled to special notice under RCW 58.17.090." RCW 58.17.090 requires special notice to "adjacent landowners" who are defined as "owners of real property ... located within three hundred feet of any portion of the boundary of the proposed subdivision." Osborne is such a landowner.[3]
Likewise, the issue here is not whether respondents-landowners should have been allowed to intervene. Therefore, contrary to respondents-landowners' position, the joinder issue is not controlled by Loveless v. Yantis, 82 Wash.2d 754, 513 P.2d 1023 (1973). Loveless addressed whether certain neighboring landowners and an area association *38 composed of owners and residents should have been permitted to intervene as a matter of right in an appeal to superior court from denial of a plat application. Just because a person may be a proper party with a right to intervene does not make that person a party who must be joined as a defendant.[4]
The question, instead, is whether as neighboring landowners who obtained reversal of the Committee's plat approval, respondents-landowners are indispensable parties who had to be joined by the petitioners in the writ proceedings. "Where a proceeding has not been commenced against all of the indispensable parties within the statutory time it must be dismissed." 4 Edward H. Ziegler, Jr., Rathkopf's The Law of Zoning and Planning, § 42.04[c] [iii] (1996).
Numerous Washington decisions hold that the owner of property directly affected by a land use decision or a person with an interest in the property which is the subject of the land use decision is a party to be joined in writ proceedings involving that decision. E.g., South Hollywood Hills Citizens Ass'n v. King County, 101 Wash.2d 68, 70, 677 P.2d 114 (1984) (property owners in a plat dispute); Cathcart-Maltby-Clearview Community Council v. Snohomish County, 96 Wash.2d 201, 207, 634 P.2d 853 (1981) (property owners affected by rezone); National Homeowners Ass'n v. City of Seattle, 82 Wash.App. 640, 643-44, 919 P.2d 615 (1996) (property purchaser and project developer); Woodward v. City of Spokane, 51 Wash.App. 900, 903, 756 P.2d 156 (1988) (same); Coastal Bldg. Corp. v. City of Seattle, 65 Wash.App. 1, 5, 828 P.2d 7 (1992) (neighboring lot owner who had legal right to park on affected lot); Veradale Valley Citizens' Planning Comm. v. Board of County Commr's, 22 Wash.App. 229, 232-33, 588 P.2d 750 (1978) (successful property owner-applicant); Andrus v. Snohomish County, 8 Wash.App. 502, 503, 507 P.2d 898 (1973) (grantee of conditional use permit).[5]
Respondents-landowners are not, however, the plat applicants or persons whose property is the subject of the land use decision at issue, nor do they have an interest in that property. Thus, these and similar cases do not support respondents-landowners' position that they were required to be joined in the writ proceedings.
Further, during the relevant time period, no statute required that respondents-landowners be made parties to the writ proceedings.[6] In the absence of any statute mandating that they be made parties, respondents-landowners advance other arguments for joinder.
Respondents-landowners maintain that under CR 19 they were indispensable parties to the writ proceedings. CR 19 concerns parties who must be joined for a just adjudication. The rule involves a two-part analysis. "First, a determination [must be made] whether the parties are needed for just adjudication. *39 CR 19(a).[[7]] Second, if the absent parties are needed, but it is not possible to join those parties, then the court must determine whether the parties are indispensable" under CR 19(b),[8] i.e., whether " `in equity and good conscience' the action should proceed ... or be dismissed." See In re Johns-Manville Corp., 99 Wash.2d 193, 198, 660 P.2d 271 (1983) (quoting Aungst v. Roberts Constr. Co., 95 Wash.2d 439, 443, 625 P.2d 167 (1981)).
Respondents-landowners contend that they were existing parties before the Board, and therefore they were required to be joined because complete relief could not be afforded to existing parties to the action without their joinder. The issue here is joinder on appeal to superior court. Until they were made party intervenors, respondents-landowners were not parties in the writ proceedings. CR 19(a)(1) contemplates joinder of persons where complete relief cannot otherwise be accorded to "those already parties...." This portion of the rule clearly refers to parties other than the person whose joinder is at issue. Respondents-landowners' status as parties before the Board does not automatically make them parties to be joined if feasible under CR 19(a)(1).[9]
Whether respondents-landowners have an interest relating to the subject matter of the action which demands they be joined if feasible is addressed by CR 19(a)(2). The person must have an "interest relating to the subject of the action" and must be so situated that in his or her absence disposition of the action "may as a practical matter impair or impede his ability to protect that interest" or leave one who is already a party subject to the risk of multiple or inconsistent obligations. CR 19(a)(2)(A) and (B). Respondents-landowners do not have such an interest. They are property owners whose neighborhood may be affected by plat approval because a subdivision would be built. They are also the persons who obtained reversal of the Committee's grant of the plat application. However, they are not the persons whose property is the subject of the land use decision at issue. This is a crucial distinction in this statutory writ proceeding.
As we have previously recognized, a successful property owner-applicant is a necessary party the granting to a writ proceeding *40 which is to invalidate or affect the owner-applicant's interest in his or her property because he or she is most affected by the granting of a writ of review. Cathcart-Maltby-Clearview, 96 Wash.2d at 207, 634 P.2d 853 (quoting Veradale Valley, 22 Wash.App. at 232-33, 588 P.2d 750); Andrus, 8 Wash. App. at 507-08, 507 P.2d 898. In light of his or her property interest, a property owner has a significant interest in opposing those trying to reverse on appeal a decision favorable to the property owner. A zoning or planning board acting as a quasi-judicial body represents the public interest and is primarily interested in assisting the court to make a proper judgment. It has no legal interest in the outcome of the decision other than to assure a correct decision which serves the public interest, and thus does not adequately represent a successful property owner-applicant. Cathcart-Maltby-Clearview, 96 Wash.2d at 207, 634 P.2d 853 (quoting Veradale Valley, 22 Wash.App. at 233, 588 P.2d 750).
In contrast, respondents-landowners have no legal, property, financial or ownership interest in the property which is the subject of the land use decision, and thus do not have an interest significantly affected by that decision. Their interest is like that of the public in generalto assure that a correct decision is made in accord with applicable laws and proper public interest considerations. That interest is sufficiently represented by the Board.
Finally, parties to the writ proceedings will not be subject to multiple or inconsistent obligations in the absence of respondents-landowners.
We conclude that the respondents-landowners are not parties to be joined if feasible under CR 19(a).
Although we need go no further on the joinder issue, we add that even if we were to assume that respondents-landowners are parties to be joined if feasible, we would hold that this action should not be dismissed for failure to join them because they would not be indispensable parties under CR 19(b). The doctrine of indispensability is not jurisdictional but is founded on basic equitable principles. Cathcart-Maltby-Clearview, 96 Wash.2d at 206, 634 P.2d 853; Lakemoor Community Club, Inc. v. Swanson, 24 Wash. App. 10, 17, 600 P.2d 1022 (1979). Nonetheless, if an indispensable party is not joined, dismissal of a writ of certiorari is ordinarily required. Cathcart-MaltbyClearview, 96 Wash.2d at 207, 634 P.2d 853.[10]
As noted, the test applied under CR 19(b) to determine whether a party is an indispensable party is whether in equity and good conscience the action should have proceeded or been dismissed. A court must consider "the extent to which an absent party may be prejudiced and whether the plaintiffs will have an adequate remedy if the action is dismissed." Boeing Co. v. Sierracin Corp., 108 Wash.2d 38, 51, 738 P.2d 665 (1987). As we have explained, the interests of the public, including those who are neighbors, are represented by the Board. That representation tends to limit any possible prejudice to neighboring landowners. In addition, because their property is not the subject of the land use decision at issue, their property interests will not be directly impacted in the writ proceedings. On the other hand, petitioners would be deprived of any remedy if this action is dismissed for nonjoinder. Such would be a particularly harsh result, especially given that because of the peculiar posture of this case, this court has the benefit of knowing that the superior court had ruled in its letter decision in favor of petitioners on the merits.[11] Equity and good conscience therefore dictate that even if we were to hold that respondents-landowners *41 are parties to be joined if feasible under CR 19(a), they are not indispensable parties under CR 19(b).
Respondents-landowners contend, however, that due process requires that because they were parties before the Board they must be made parties to the appeal. They rely upon Veradale Valley, 22 Wash. App. 229, 588 P.2d 750.
"Due process protections are implicated only where the individual interest asserted is encompassed within the protection of life, liberty, or property." Washington Fed'n of State Employees v. State, 127 Wash.2d 544, 558, 901 P.2d 1028 (1995). While the failure to serve indispensable parties is not jurisdictional, such a failure results in the inability of a trial court to render a judgment which provides interested parties their rights to due process of law. Lakemoor Community Club, Inc. v. Swanson, 24 Wash.App. 10, 17, 600 P.2d 1022 (1979) (citing 3A James W. Moore, Federal Practice ¶¶ 19.01, 19.04 (2d ed.1978)).
In Veradale Valley, the court held that a property owner whose land was the subject matter of a favorable zoning decision was held to be a necessary and indispensable party to writ proceedings. The court observed that procedural due process requires that an individual have notice and an opportunity to be heard before being deprived of a valuable property right. Veradale Valley, 22 Wash.App. at 232, 588 P.2d 750. The court reasoned notice when judicial review was sought had to be given to a person who has acquired a property right as a result of a favorable zoning decision. Id.
Thus, in Veradale Valley the individual held to be indispensable to the writ proceedings, and required by due process to be given notice of the review proceedings, was a property owner whose property was directly affected by the zoning decision being challenged. Here, respondents-landowners' properties are not the subject of the land use decision being appealed. Veradale Valley does not support respondents-landowners' position that due process principles dictate that they be made indispensable parties to the writ proceedings. Nor do we agree with respondents-landowners that they acquired valuable property rights as a result of their successful efforts before the Board which as a matter of due process demand that they be made parties in the writ proceedings. As noted, their interests are adequately protected in the writ proceedings.
Our decision accords with decisions in other jurisdictions where the issue has been whether neighboring or adjacent landowners are indispensable parties in an appeal to a court from a quasi-judicial decision of a zoning or planning board. In Murphy v. Town of Chino Valley, 163 Ariz. 571, 789 P.2d 1072 (1989), a neighboring landowner complained that property owners improperly built an arena for roping events in noncompliance with zoning ordinances. A zoning administrator concluded the use was grandfathered in, and from that decision the neighbor appealed to a board, which reversed and required that the property owner apply for a conditional use permit. The property owners petitioned for review in a special action in superior court. The court said that the only necessary parties to the special action were the property owners and the board. Id. at 574, 789 P.2d 1072. While acknowledging that there may be facts in a given case requiring that the complainant be made a party to review proceedings, the court held that an abutting or neighboring landowner is not per se an indispensable party to further litigation merely as a result of having taken a position before the board. The court reasoned that the board represents the community at large. Id. The court also noted that lack of indispensable party standing does not affect standing to intervene. Id. See also, e.g., Peoples Trust Co. v. Board of Adjustment, 60 N.J.Super. 569, 160 A.2d 63 (1959) (plaintiff's nonjoinder as parties defendant the objectors who appeared at the board hearing was not error because those persons were not necessary or indispensable parties); Nepi v. Lammot, 52 Del. 281, 156 A.2d 413 (Super.Ct.1959) (not necessary to join as defendants in statutory writ proceedings persons who appeared before board of adjustment and objected to issuance of permit); but see, e.g., Fong v. Planning & Zoning Bd. 212 Conn. 628, 632-34, 563 A.2d 293 (1989) (abutting landowner who initiated proceedings before board which resulted in appeal to *42 court acquired a special interest in the subject matter of the appeal and was an indispensable party to appeal). We also note that the Court of Appeals recently held in circumstances similar to those in the present case that neighboring landowners were not required to be joined as parties in writ proceedings. Department of Corrections v. City of Kennewick, 86 Wash.App. 521, 937 P.2d 1119 (1997), review denied, 134 Wash.2d 1002, 953 P.2d 95 (1998).
We add that in the future the question of who is an indispensable party in proceedings involving court review of a local land use decision will be largely answered by the Land Use Petition Act of 1995, RCW 36.70C (Laws of 1995, ch. 347, §§ 701-19), which replaces the writ of certiorari in most land use cases. There is no claim that the Act applies in this case. We note that it was enacted after the proceedings took place, and nothing in it suggests it is retroactive. However, in the future the Act may resolve joinder issues like that raised in this case.

Res judicata
The superior court held that the Board's decision is res judicata as to the respondents-landowners who obtained its favorable decision. While an appeal does not suspend or negate res judicata effects of a decision (otherwise a party who lost could start a new action while the appeal was pending), "res judicata can ... be defeated by later rulings on appeal." Lejeune v. Clallam County, 64 Wash.App. 257, 266, 823 P.2d 1144 (1992). The superior court had jurisdiction of this case. Respondents-landowners are not necessary and indispensable parties. Accordingly, the superior court has authority to review the Board's decision and reverse on the basis that the Board's decision is arbitrary and capriciousthereby defeating any res judicata effect of that decision.

Attorney fees
Petitioners ask for attorney fees pursuant to RCW 64.40.020, arguing that the superior court has already determined that the Board's decision was arbitrary and capricious. The request is premature. We will not speculate about the possible course of this action upon remand, but note that there has been no determination of whether any damages are awardable under the statute. Therefore, we will not consider the request for attorney fees. See RCW 64.40.020; Cobb v. Snohomish County, 64 Wash.App. 451, 460, 829 P.2d 169 (1992) (where issue of damages has been reserved, request for attorney fees under RCW 64.40.020 premature).
In light of our disposition of this case, we need not reach the remaining issues raised by the parties.

Conclusion
We conclude that under the circumstances in this case the superior court had appellate jurisdiction despite petitioners failure to comply with the affidavit/verification requirement of RCW 7.16.050. Respondents-landowners are not necessary and indispensable parties in the writ proceedings. Any res judicata effect of the Board's ruling as to the respondents-landowners can be defeated by a reversal on appeal by the superior court. The Court of Appeals is reversed and this case is remanded for further proceedings in accord with this opinion.
GUY, C.J., and SMITH, ALEXANDER, and SANDERS, JJ., concur.
TALMADGE, J. (dissenting)
I dissent because the majority articulates a flawed conception of subject matter jurisdiction. More fundamentally, the majority is unfair to those citizens who successfully appealed from the Hearing Examiner Committee in Spokane County to the Spokane County Board of Commissioners. Crosby failed to notify those citizens of this action and make them parties. This is wrong. I would affirm the Court of Appeals and the trial court and dismiss Crosby's writ of certiorari.
The first issue is whether failure of the writ applicant to file an affidavit or verification[1] in support of a suit for a writ of certiorari *43 pursuant to RCW 7.16.050 deprives the court of subject matter jurisdiction. The majority says the statutory requirement to file an affidavit is jurisdictional. Majority op. at 36. I agree.[2] The majority also says, "We agree that generally noncompliance with a statutory mandate is not substantial compliance." Majority op. 36. Again, I agree. When, as here, a party does not lift a finger to comply with a statutory requirement, that party can scarcely be deemed to have substantially complied. Accord San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 711, 943 P.2d 341 (1997) ("In order for the doctrine of substantial compliance to apply, there must have been some actual compliance with the relevant statute, because substantial compliance is `actual compliance' with the `substance' of a statutory requirement."); Spokane County v. Utilities & Transp. Comm'n, 47 Wash.App. 827, 831, 737 P.2d 1022 (1987) ("Noncompliance with a statutory mandate is not `substantial compliance[,]'"holding service on the Attorney General's office alone does not meet the requirements of the statute, even when that office has filed a notice of appearance on behalf of the agency named.).
But the majority them goes astray by asserting the County's stipulation to the writ "served as an adequate substitute for the affidavit/verification requirement. " Majority op. at 37. It is axiomatic parties cannot stipulate to subject matter jurisdiction. This has been the rule in Washington since territorial times, Puget Sound Agric. Co. v. Pierce County, 1 Wash. Terr. 75 (1859), and it is the rule today: "[L]itigants may not waive subject matter jurisdiction." Skagit Surveyors & Eng'rs, L.L.C. v. Friends of Skagit County, 135 Wash.2d 542, 556, 958 P.2d 962 (1998). See also Miles v. Chinto Mining Co., 21 Wash.2d 902, 903, 153 P.2d 856 (1944) ("It is a universal rule that the parties to an action cannot, by stipulation, confer upon a court a jurisdiction with which it is not vested."); In re Welfare of Harbert, 85 Wash.2d 719, 724, 538 P.2d 1212 (1975) (quoting Miles). The County's acquiescence in the writ cannot create jurisdiction the trial court lacked after Crosby's failure to either comply explicitly with the statute or comply substantially with the statute.[3]
Thus, well-settled Washington law defeats the result the majority reaches. The majority may overcome this inconvenience by choosing one of two courses. It may overrule prior cases, ignore the Legislature's prerogative to condition the circumstances under which a statutory writ of certiorari may issue,[4] and declare the affidavit requirement not jurisdictional; or, it may overrule 140 years of Washington law holding parties cannot confer jurisdiction upon our courts. I see no compelling reason to do either simply to relieve Crosby of the consequences of his failure to observe the statutory requirement to file the affidavit/verification. The affidavit requirement is neither an arcane area of the law nor a snare for the unwary. Many Washington cases have discussed the necessity for compliance with the affidavit requirement. See, e.g., Griffith v. City of Bellevue, 130 Wash.2d 189, 922 P.2d 83 (1996); In re Welfare of Messmer, 52 Wash.2d 510, 326 P.2d 1004 (1958); Gordon v. Seattle-First Nat'l Bank, 49 Wash.2d 728, 731, 306 P.2d 739 (1957); Birch Bay Trailer Sales, Inc. v. Whatcom County, 65 Wash.App. 739, 829 P.2d 1109, review denied, 119 Wash.2d 1023, 838 P.2d 690 (1992); Harkins v. South Dist. *44 Justice Court, 34 Wash.App. 508, 662 P.2d 403 (1983). "[E]very person is presumed to know the law." Maynard Inv. Co. v. McCann, 77 Wash.2d 616, 624, 465 P.2d 657 (1970). I would affirm the Court of Appeals on the jurisdiction issue.
The second question, should we need to reach it, is whether Osborne, Loweree, and Pollard were indispensable parties under CR 19(a), and whether the failure of Crosby to join them as parties required dismissal of the action.
The majority takes great pains to distinguish the circumstances of these neighbors from the circumstances in other cases where persons with an interest in a land use decision or an interest in property were held to be indispensable parties. The majority spends considerable time discussing the difference between standing and indispensability. This discussion is a red herring because it fails to consider fundamental fairness.
Osborne, Loweree, and Pollard spent the time, money, and effort to appeal the Hearing Examiner Committee decision to the Spokane County Board of Commissioners. Plainly, as the majority acknowledges, they had standing to do so. The quiet enjoyment of their neighboring property, as well as its value, was or could have been affected by Crosby's proposed development. They had a right to raise their concerns with the appropriate public body regarding the effect of the proposed development.[5] And they were successful. The Board of County Commissioners overturned the Hearing Examiner Committee decision granting the permit to Crosby for his development.
When Crosby sought a statutory writ of certiorari to review the decision of the Board of County Commissioners of Spokane County, Osborne, Loweree, and Pollard clearly had a direct and distinct interest in the outcome of such an action. For that reason, I strongly disagree with the majority that the Board, by upholding the public interest in the writ hearing, would also be protecting the rights of the adjacent property owners. The Board's interests may not coincide with the neighbors' interests. The Board may in fact vigorously defend its decision in the writ hearing, but it may also decide not to defend the writ at all in furtherance of some other public policy. One example might be a global settlement of multiple disputes with Crosby that results in the Board's stipulation to the relief Crosby sought. There is no certainty the Board will represent the interests of Osborne, Loweree, and Pollard. In summary, by virtue of their efforts to secure review and to obtain a specific result before the Board of County Commissioners, Osborne, Loweree, and Pollard became indispensable parties to further review before the superior court.
The doctrine of indispensability of parties under CR 19 is an equitable doctrine; it is equitable that a party having expended time, expense, and effort to secure a particular result before a local decisionmaking body on land use matters be joined as a party to any judicial review of such a decision. Traditional notions of fair play and substantial justice dictate the inclusion of such parties in any subsequent proceeding that potentially affects the rights they asserted in the prior proceeding. I would urge the Court to adopt such a rule now.[6]
The question comes down to the proper remedy for failure to join Osborne, Loweree, *45 and Pollard. I agree with the majority that dismissal of the writ is too harsh. While we may now decide, post hoc, Osborne, Loweree, and Pollard were indispensable parties, there was no rule of pleading requiring Crosby to name them. It was not Crosby's responsibility to determine from equitable considerations who should be parties to his suit for a writ. The trial court might or should have made that determination sua sponte, but punishing Crosby for the trial court's failure to do so would not be fair. The only fair result is to vacate the trial court's order and allow the parties to have another hearing on the writ, this time with Osborne, Loweree, and Pollard as parties, should they wish to be included.
In conclusion, the trial court properly dismissed the writ for lack of subject matter jurisdiction and the Court of Appeals properly affirmed. I would affirm the Court of Appeals. Alternately, should the Court reach the issue, I would hold Osborne, Loweree, and Pollard were indispensable parties to the writ. I would vacate the trial court's order and remand this case for new writ proceedings with Osborne, Loweree, and Pollard as parties, if they so wish.
DURHAM, JOHNSON, JJ., and DOLLIVER, J.P.T., dissent.
NOTES
[1] RCW 7.16.050 provides that an application for a writ "must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."
[2] The court in Griffith noted in reciting the facts that the parties agreed to issuance of the writ in that case. Griffith v. City of Bellevue, 130 Wash.2d 189, 191, 922 P.2d 83 (1996). The court did not address the significance of the stipulation.
[3] As a general proposition, although statutes and practices are not uniform, persons who participate in an administrative zoning proceeding as parties are proper and appropriate parties on appeal from the proceeding. 8A Eugene McQuillin, The Law of Municipal Corporations § 25.318.20 (Julie Rozwadowski & James Solheim eds., 3d rev. ed.1994).
[4] Neighboring property owners may be proper intervening parties in actions or proceedings seeking relief from or a reversal of a land use decision. 8A McQuillin, supra; see. e.g., American Sand & Gravel, Inc. v. Theken, 41 Ohio App.3d 98, 534 N.E.2d 896 (1987) (neighbors who were successful before zoning board entitled to intervene as of right upon property owner's appeal to court of common pleas); Caran v. Freda, 108 R.I. 748, 279 A.2d 405 (1971) (objecting abutting landowners should have been permitted to intervene as party defendants in appeal to superior court from board decision).
[5] Not all jurisdictions find even the property owner to be an indispensable party, although the view that he or she is "seems to be in the ascendance." 4 Edward H. Ziegler, Jr., Rathkopf's The Law of Zoning and Planning § 42.05[3] (1996).
[6] In contrast, in some other jurisdictions statutes have required that neighboring landowners be made parties to an appeal to court from an administrative zoning or other land use decision. For example, in Winston v. Zoning Bd. of Appeals of Peoria County, 407 111. 588, 95 N.E.2d 864 (1950), the court held that the failure to name as defendants those persons other than plaintiffs who were parties of record before a zoning board was fatal to court review of the board's decision, based upon express language in Illinois's former administrative review act requiring such joinder. In Washington, however, statutory writ of review (writ of certiorari) proceedings are not subject to the Administrative Procedures Act, RCW 34.05, including its provisions for judicial review of agency determinations. See RCW 7.16.360 (chapter not applicable to agency determinations reviewable under RCW 34.05). Thus, there is no comparable statute in Washington.
[7] CR 19(a) provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
[8] CR 19(b) provides:

If a person joinable under (1) or (2) of section (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; [and] (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
[9] The case upon which respondents-landowners rely for the proposition that a person is a necessary and indispensable party if that person's absence from the proceedings would prevent a court from affording relief to existing parties is Coastal Bldg. Corp. v. City of Seattle, 65 Wash. App. 1, 828 P.2d 7 (1992). In Coastal Building, the necessary and indispensable parties were adjacent lot owners who it was determined had a legal right, under a permit issued by the city, to park on the land which was the subject of the land use decision at issue. The Court of Appeals clearly found the nature of the neighbors' right to be a compelling factor in its determination that they were necessary and indispensable parties, reasoning that their absence would impair or impede their ability to protect that interest. Id. at 5, 828 P.2d 7. Respondents-landowners do not have any similar interest in the property which is the subject of the plat application at issue in this case. Moreover, Coastal Building specifically turns on CR 19(a)(2), not 19(a)(1). CR 19(b)(1) is the part of the rule relied upon by respondents-landowners in this argument.
[10] Normally, parties must be joined within the limitations period for applying for a writ, here 30 days. North St. Ass'n v. City of Olympia, 96 Wash.2d 359, 635 P.2d 721 (1981), disapproved on other grounds by Sidis v. Brodie/Dohrmann, Inc., 117 Wash.2d 325, 815 P.2d 781 (1991). In a number of cases where joinder did not occur within the limitations period, the issue has arisen as to whether joinder and relation back would be allowed under CR 15(c). E.g., North Street Ass'n, 96 Wash.2d 359, 635 P.2d 721; Woodward v. City of Spokane, 51 Wash.App. 900, 756 P.2d 156 (1988). Here, however, none of the parties has raised or argued the issue, and it is not before the court.
[11] We are aware that the superior court's letter decision was not made the subject of a court order before the motions for intervention and dismissal were made.
[1] In statutory writ proceedings, we have held a verified complaint is equivalent to an affidavit. Gordon v. Seattle-First Nat'l Bank, 49 Wash.2d 728, 731, 306 P.2d 739 (1957).
[2] Our decision in Griffith v. City of Bellevue, 130 Wash.2d 189, 922 P.2d 83 (1996), supports this view. In Griffith, we held a defective affidavit did not deprive the courts of jurisdiction so long as the application and accompanying affidavit were timely. Although the majority in Griffith suggested the affidavit or verification was not jurisdictional, id. at 192, 922 P.2d 83, the majority's analysis was predicated on substantial compliance; the majority held the defective affidavit substantially complies with RCW 7.16.050. If the majority there seriously believed the affidavit or verification was not a jurisdictional requirement, the discussion of substantial compliance would not have been necessary. Moreover, the concurring opinion in Griffith specifically indicated the filing of an affidavit or verification is jurisdictional. Id. at 195, 922 P.2d 83 (Sanders, J., concurring).
[3] The majority's labeling of the stipulation as a form of substantial compliance does not change the essence of the act-an attempt to confer subject matter jurisdiction by agreement of the parties.
[4] Of course, the Legislature may not similarly condition the constitutional writ of certiorari.
[5] Our law recognizes the heightened interests of owners of land adjacent to or in close proximity to property subject to a land use decision. RCW 58.17.090, for instance, requires special notice to adjacent landowners, in addition to regularly published notice, of the hearing concerning a preliminary plat application. The statute defines adjacent landowners as "owners of real property, as shown by the records of the county assessor, located within three hundred feet of any portion of the boundary of the proposed subdivision." Osborne, Loweree, and Pollard qualified for special notice under this provision. See also Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs, 22 Wash.App. 229, 232, 588 P.2d 750 (1978) (when a person "has acquired a valuable property right as a result of a favorable zoning administration decision [he] must be given notice when judicial review of that decision is sought"). Other jurisdictions have the same rule. See, e.g., Fong v. Planning & Zoning Bd. of Appeals, 212 Conn. 628, 563 A.2d 293, 296 (1989).
[6] The Legislature confirmed the rationality of this rule in the 1995 Land Use Petition Act (LUPA), RCW 36.70C, which replaced the writ of certiorari with an appellate process for most land use cases. RCW 36.70C.040(2)(d) provides that an appellant must include as parties to any land use review proceeding "[e]ach person named in the written decision who filed an appeal to a local jurisdiction quasi-judicial decision maker regarding the land use decision at issue, unless the person has abandoned the appeal or the person's claims were dismissed before the quasi-judicial decision was rendered."