**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2339-18T4

RALPH HOLT and
DEANNA HOLT,

     Plaintiffs-Appellants/
     Cross-Respondents,

v.

UPPER TOWNSHIP ZONING
BOARD OF ADJUSTMENT,
PAUL DIETRICH, MUNICIPAL
ENGINEER, and DEAN
MARCOLONGO, BOARD
SOLICTOR,

     Defendants-Respondents/
     Cross-Appellants.

_____

        Submitted May 18, 2020 – Decided July 23, 2020

        Before Judges Sumners and Natali.

        On appeal from the Superior Court of New Jersey, Law
        Division, Cape May County, Docket No. L-0157-17.

        Ralph Holt and Deanna Holt, appellants/cross-
        respondents pro se.

Madden & Madden, PA, attorneys for respondents (Matthew Paul Madden, of counsel and on the briefs).

PER CURIAM

Plaintiffs Ralph Holt and Deanna Holt (collectively "the Holts") appeal the Law Division's order dismissing their complaint without prejudice against defendants Upper Township Zoning Board of Adjustment (the Board), Board Engineer Paul Dietrich, and Board Solicitor Dean Marcolongo. Defendants cross-appeal, claiming the dismissal should be with prejudice. We affirm.

I

This suit arises from a conditional use variance to expand a non-conforming use granted to the Holts by the Board in Resolution BA 12-15, allowing them to use the second floor of their retail/office/residential building (the property) for twenty seats ancillary to Ralph's Bagel & Deli Shop, located on the first floor. The variance required the Holts to obtain a lease agreement, approved by the Board Solicitor, with the neighboring U.S. Post Office or Saint Maximilian Kolbe Parish ("the parish" or "church") for a minimum of twenty-three additional parking spaces for the Holt's patrons.

Before securing a lease agreement for additional parking, the Holts were advised by email from Dietrich that he learned they were hosting a wellness event at the property and cautioned them not to use the second floor because

A-2339-18T4

they had not secured a lease agreement for additional parking. When the Holts disregarded Dietrich's warning and used the second floor for the event, a neighboring property owner, Wayne Jack, filed a complaint on November 8, 2016, against Ralph[1] for use of the second floor without an appropriate site plan approval.

Thereafter, parish Monsignor Peter Joyce sent the Board an undated memo stating the Holts' patrons could use the parish parking lot when it was not used by the parish with the understanding the Holts will indemnify the parish from any claims arising from use of the parking lot by their patrons. In response, Dietrich sent Ralph a February 27, 2017 letter advising him the parking conditions were satisfied and they could use the second floor of their property subject to the continued use of the parish's parking lot.

The situation, however, changed when Dietrich sent Ralph a second letter on March 6, rescinding his February 27 approval letter. In the March 6 letter, Dietrich admitted the earlier letter was prematurely sent before Marcolongo's final legal review as required by Resolution BA 12-15. The letter stated, "the

---

[1] As plaintiffs share a surname, we refer to Ralph Holt by his first name for convenience and with no disrespect intended.

A-2339-18T4

lease needed to be approved by the Board Solicitor prior to being submitted and that it needed to specify that the church was providing 23 parking spaces . . . ." The letter also advised Ralph he could appeal the decision to the Board within twenty days, or "make an application to the [Board] for an amended site plan approval."

Three days after Dietrich's letter, on March 9, the Wildwood Crest municipal court conducted a trial regarding Jack's complaint against Ralph. The State presented the testimony of Dietrich, Jack and his brother, Keith Jack. Ralph did not testify and did not present any witness. Following the testimony, the court found Ralph guilty. The court determined the second floor of the Holts' property was used for an event, and reasoned the parish's letters[2] "d[id] not constitute a lease of parking spaces[,]" in order to satisfy the conditional use variance to allow use of the second floor.

Ralph neither appealed the municipal court conviction nor Dietrich's March 6 letter of non-compliance. Rather, on April 6, 2017, the Holts filed the

_____

[2]  In addition to Monsignor Joyce's undated memo (referred to as a "letter" by the municipal court) reviewed by Dietrich and Marcolongo, also admitted into evidence was an April 9, 2013 letter by Monsignor Joyce to the Board stating "our parish is willing to offer additional [parking] spaces per [the Holts'] need during [their] hours of operation[.]"

A-2339-18T4

within poorly drawn civil complaint, which the court viewed as an action in lieu of prerogative writs against the Board, Dietrich, and Marcolongo alleging the rejection of the purported parking lease with the parish to satisfy the conditional use variance was arbitrary, capricious, and unreasonable.

On the morning of November 28, 2017, the court conducted a hearing on the Holts' challenge to the determination that their purported lease agreement did not satisfy the Board's conditional use variance to use the second floor of the property.[3]  Later that day, the court issued an order, together with a twelve-page written decision, dismissing the Holts' complaint without prejudice.

The court determined the municipal court's decision finding Ralph guilty "is not binding on the Board.  If there is a hearing . . . [before] the Board regarding this matter, the Board can make an independent decision based on the applicable land use law and the evidence presented."  The court recognized that although the Holts were self-represented, they were fully aware of the legal process having previously challenged two Board decisions related to the property before the court.  The court found the Holts were not in a position to contest the rejection of their purported lease agreement with the parish because

---

[3]  We do not to detail the prior procedural history, as it is not relevant to our decision.

A-2339-18T4

they failed to timely exhaust all administrative remedies by not appealing the decision to the Board. The court did not leave the Holts without any prospect of relief because it dismissed the complaint without prejudice. In fact, the court gave the Holts a roadmap on how to proceed, stating:

> This ruling is without prejudice to [the Holts] refiling a petition for a permit with the [z]oning [o]fficer to obtain approval for use of the second floor and for the [z]oning [o]fficer to determine whether the [the Holts'] offsite parking plan meets the conditions of the . . . Board as outlined in Resolution 12-15. In refiling for this determination with the [z]oning [o]fficer, [the Holts] may rely on all of the existing letters from [the parish] allowing for offsite parking and any additional letters or evidence [the Holts] may wish to provide. If after reviewing the submissions by the [the Holts] to the [z]oning [o]fficer, the [z]oning [o]fficer denies the use of the second floor on the basis of lack of sufficient offsite parking, then [the Holts] can appeal this decision to the . . . Board within 20 days as required by N.J.S.A. 40:55D-72. If [the Holts] do file a timely appeal, a hearing will take place before the . . . Board regarding the decision of the [z]oning [o]fficer. At the hearing, the Board [must] review all of the evidence presented by the [Holts] and the [z]oning [o]fficer and make a determination based on the evidence and in accordance with land use law.[4] In the event the Board denies [the Holts'] request, then based on that record below, [the Holts] can appeal to this [c]ourt. [The Holts] may also

---

[4] The court expressed "concerns regarding the [z]oning [o]fficer first determining [the Holts] had fulfilled the condition of obtaining a lease for offsite parking, but then rescinding this determination[.]" The court determined the "issue can be better explained by developing a record below before the Board, which is currently not available for this [c]ourt to address."

opt to apply for a variance regarding the required parking.

The Holts appealed to this court and defendants cross-appealed.

II

We first address the Holts' appeal, wherein they raise the following arguments:

POINT I

Defendant[s'] attorney, Patrick Madden[,] made a false statement in his closing about the Holts not applying for a parking variance. The Holts did apply for a parking variance. (Not raised below.)

POINT II

Defendant[s'] attorney, Patrick Madden, provided false documents in his brief to [the] Superior Court. The application Mr. Madden provided is not the same application Dean Marcolongo, [B]oard [S]olicitor[,] provided to [the] Superior Court dated December 4, 2012. Mr. Madden used Resolution BA 12-15 twice instead of Resolution B[A] 15-12 which showed a bulk variance for the number of parking spaces (thirty-nine required). (Not raised below)

POINT III

The Holts applied for [a] parking variance with letters approving parking from adjacent properties. Dean Marcolongo, [B]oard [S]olicitor[,] and Paul Dietrich, [M]unicipal [E]ngineer[,] used letters as an alternative parking plan which stopped the Holts from using their upstairs for additional seating.

POINT IV

Mr. Dietrich is having a baby shower in his office at the Upper Township Municipal Building. Other businesses have parties at their facility without approvals but if the Holts use their upstairs they are fined. The Holts['] rights are violated plus the Holts have paid taxes on their upstairs since 2001.

POINT V

[The court] denie[d] defendants' [m]otion to dismiss for failure to state a claim upon which relief can be granted pursuant to R.4:6-2(e). [T]the court finds that a cause of action is suggested by the fact, alleging challenges of the . . . Board's denial of [the Holt's] permit. Defendant, Dean Marcolongo, [B]oard [S]olicitor[,] became surrogate at same courthouse, then [the court] dismissed the case a year later. A lot of issues have been left un[re]solved. The Holts should be compensated for their loss. (Not raised below)

Parties may use an action in lieu of prerogative writs "to seek 'review, hearing and relief' in the Superior Court of all actions of municipal agencies." Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 378 (quoting N.J. Const. art. VI, § 5, ¶ 4). In the matter before us, the Board did not take action on Dietrich's letter to the Holts advising them they did not obtain a lease agreement for additional parking as required by the conditional use variance to use the second floor of their property. The Holts' failure to appeal Dietrich's letter to the Board, as he advised them they had the right to do, did not allow the Board

8

the opportunity to develop a record and make a decision. See Willoughby v. Planning Bd. of Twp. of Deptford, 306 N.J. Super. 266, 273 (App. Div. 1997) ("[A] municipal . . . agency [decision] . . . is subject to review in the Law Division in an action in lieu of prerogative writs[,] . . . and the Law Division's review of the . . . decision must be based solely on the agency record.") (internal citations omitted) (citing R. 4:69).

Absent a record, the court is unable to "set aside a municipal board decision [because] it [was] shown to be arbitrary, capricious or unreasonable, not supported in the evidence, or otherwise contrary to law." Rivkin, 143 N.J. at 378. Because the parties' arguments were not presented to the Board, they are matters outside the record that we cannot consider. See Schmidt v. Bd. of Adjustment of City of Newark, 9 N.J. 405, 423 (1952); see also Peoples Tr. Co. of Bergen Cty. v. Bd. of Adjustment, 60 N.J. Super. 569, 575-76 (App. Div. 1959) (stating "[j]udicial review of board of adjustment action is confined to the record made before the local board"). Accordingly, we affirm substantially for the thoughtful reasons given by the court, and we conclude the Holts' arguments are without sufficient merit to warrant extensive discussion in a written opinion, Rule 2:11-3(e)(1)(E).

## III.

Turning to defendants' cross-appeal, they contend the court erred in dismissing the Holts' complaint without prejudice because their claims are barred by res judicata and collateral estoppel due to the municipal court's adjudication that the Holts did not satisfy parking lease condition. We disagree.

Res judicata is a common law doctrine barring the re-litigation of claims or issues that have already been adjudicated. See Tarus v. Borough of Pine Hill, 189 N.J. 497, 520 (2007). More specifically, collateral estoppel is "the 'branch of the broader law of res judicata which bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action.'" Ibid. (quoting State v. Gonzalez, 75 N.J. 181, 186 (1977)). Collateral estoppel applies where the party against whom the doctrine is asserted must have been a party to the earlier proceeding and "the issue to be precluded [must be] identical to the issue decided in the prior proceeding." Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).

The court's dismissal of the Holts' claim without prejudice acknowledges it was the Board's role, not the municipal court's role, to determine if Marcolongo made the proper legal decision rejecting the Holts' purported lease

10

agreement with the parish for additional parking spaces and concluding the conditional use variance was not satisfied. Because the Holts failed to appeal Marcolongo's rejection, the court properly found the Board never considered whether the Holts complied with the conditional use variance. Thus, res judicata and collateral estoppel do not apply because the Board never considered the purported lease agreement.

Yet, even if we accept defendants' claim the Holts should be barred from presenting the same lease agreement with the parish that the municipal court found non-compliant with the conditional use variance, the Holts are allowed to present a different lease agreement with the parish or a lease agreement with the post office. Additionally, the Holts can seek relief from the Board of the additional parking condition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2339-18T4